J-A33015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| M.P. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| M.A.P. | |
| Appellant | No. 897 WDA 2016 |

Appeal from the Order Entered May 20, 2016
In the Court of Common Pleas of Washington County
Civil Division at No(s): 2014-7015

BEFORE:  LAZARUS, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 6, 2017**

M.A.P. (Mother) appeals from the custody order regarding L.P. (Child) entered in the Court of Common Pleas of Washington County on May 20, 2016.   Among other things, the order specifies that Mother and M.P. (Father) shall have 50/50 shared physical custody of Child.  Upon review, we affirm.

The trial court summarized the relevant facts and procedural history as follows:

> Father and Mother are the parents of one minor child, [(the Child)], who is currently six years of age.  Mother and Father were married on September 22, 2006.  This was Father's first marriage and Mother's second.  Mother had three daughters from a previous marriage.  [Child] was born on May 13, 2010. On or about September 29, 2014, Mother filed for divorce from

_____

[*] Retired Senior Judge assigned to the Superior Court.

Father, and Father ultimately left the marital residence at Mother's request on or about October 31, 2014. Mother, Father and [Child] lived as an intact family until Father vacated the residence in October 2014.

On or about November 13, 2014, Father filed a [c]omplaint for [c]ustody seeking shared physical and legal custody of [Child]. On January 7, 2014, the parties entered into an [i]nterim [c]ustody [c]onsent [o]rder that provided shared legal custody of [Child] to Mother and Father and granted Mother primary physical custody. Father was entitled to partial physical custody every other weekend from after school on Friday until 5:00 p.m. on Sunday and every Wednesday from after school to Thursday at 5:00 p.m. Following a [c]ustody [c]onciliation [c]onference on April 6, 2015, the parties entered into another [i]nterim [c]ustody [c]onsent [o]rder[,] [which] granted both parties two non-consecutive seven day periods of vacation, granted the Mother's Day holiday to Mother, granted the Father's Day holiday to Father and [Child's] birthday visitation was planned out. A half-day [c]ustody [c]onciliation [c]onference was scheduled for August 10, 2015.

Prior to the half-day [c]ustody [c]onciliation [c]onference on August 10, 2015, both parties were required to complete a [c]ustody [e]ducation [p]rogram. At the half-day [c]ustody [c]onciliation [c]onference, Mother was precluded from presenting any evidence because she had not completed said [c]ustody [e]ducation [p]rogram. On September 3, 2015, this [c]ourt adopted the [r]ecommended [o]rder of Conference Officer David Rudnquist, and issued [an order] that granted both parties legal custody of [Child] and granted the parties shared physical custody on a rotating 3-4-4-3 basis. On September 29, 2015, Mother requested a [t]rial [*d*]e [*n*]ovo and a [p]re-[t]rial [c]onference was scheduled for November 23, 2015.

However, prior to the [p]re-[t]rial [c]onference, Father presented a [p]etition for [s]pecial [r]elief to this [c]ourt. The [petition] stated that the 3-4-4-3 schedule . . . provided Father with no weekend time. Father's counsel proposed a new schedule that would essentially follow the periods as suggested in the [r]ecommended [o]order, but that would also provide each party with a Saturday and Sunday on alternating weekends. On October 20, 2015[,] this [c]ourt adopted the schedule as suggested . . . so that Father and Mother would each enjoy every other weekend with [Child], as well as continuing

- 2 -

their shared custody arrangement. Afterwards, on November 18, 2015, this Court entered an [o]rder amending the [r]ecommended [o]rder dated September 3, 2015, so that the parties shared primary custody of [Child] on a 5-2-2-5 custody rotation, and all other provisions . . . remained in full force and effect. The November 18, 2015 [c]ourt [o]rder vacated the [o]rder of [c]ourt dated October 20, 2015.

On November 23, 2015, a [p]re-[t]rial [c]onference was held in this matter. Upon agreement of the parties, a subsequent [conference] was scheduled for January 29, 2016. Thereafter a trial *de novo* took place before the undersigned on April 18, 2016, April 19, 2016, and May 6, 2016. Father [sought] shared physical and shared legal custody. Father [] also request[ed] that [Child] attend the Peters Township School District and that the parties have a week-on[-]week-off custody schedule that limits the child's transportation to and from the parties' homes, to one exchange per week. Mother [] request[ed] primary physical custody and that [Child] attend the McGuffey School District.

Trial Court Opinion, 7/20/16, at 1-3.

The trial court issued an order on May 20, 2016, changing the 50/50 custody arrangement to a 5-2-2-5 rotation so that Child would switch between Mother and Father once per week. The court also ordered that Child shall attend the Peters Township School District beginning in August 2016. Mother filed a timely notice of appeal and concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Mother raises the following issues for our review:

1. Did the trial court commit legal error and abuse its discretion in entering a 50/50 shared physical custody arrangement when applying the custody factors of 23 Pa.C.S.A. [§] 5328?

2. Did the trial court commit legal error and abuse its discretion by ordering [Child to] attend school in Father's school district (Peters Township) thereby removing the child from Mother's [s]chool [d]istrict (McGuffey)[?]

- 3 -

3. Did the trial court commit an error of law and abuse its discretion in finding that [Mother's] email of December 8, 2014, demonstrates [her] belief that she unilaterally has the right to control Father's contact with [Child]?

4. Did the trial court commit an error of law and abuse its discretion in finding that [Mother] would only permit one phone call between [Father] and [Child] while she was on vacation?

5. Did the trial court commit an error law and abuse its discretion in finding that [Mother] would not allow [Father] any additional time if she was granted a greater level of custody?

6. Did the trial court commit an error of law and abuse its discretion in finding that testimony offered by [Mother's] three (3) other minor children and sister was not credible as to [Father's] role in the household prior to separation?

Brief for Appellant, at 11-12.

Our standard and scope of review are as follows:

In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court. When a trial court orders a form of custody, the best interest of the child is paramount. The factors to be considered by a court when awarding custody are set forth at 23 Pa.C.S. § 5328(a).

*E.R. v. J.N.B.*, 129 A.3d 521, 527 (Pa. Super. 2015) (citations and quotations omitted). Further,

- 4 -

When deciding a petition to modify custody, a court must conduct a thorough analysis of the best interests of the child based on the relevant [s]ection 5328(a) factors. All of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order.

***A.V. v. S.T.***, 87 A.3d 818, 822 (Pa. Super. 2014) (citations and quotations omitted).

We note that Mother raises several issues on appeal,[1] which involve the trial court considering the evidence, making credibility determinations, weighing the factors set forth in section 5328(a), and coming to a conclusion that is other than the outcome Mother desires. However, Mother does not point to any instance in the record in which the court failed to consider any of the required factors, nor does she cite to any portion of the record to support her argument that the court abused its discretion. Mother merely argues that the court decided the issues incorrectly. Indeed, a review of this matter indicates that the record has been well-developed and that the court appropriately considered each statutory factor and provided an evidentiary basis for its determinations.

As to Mother's first issue, she argues that the court abused its discretion in ordering a 50/50 shared physical custody arrangement. Mother

---

[1] Mother's brief fails to follow appellate rules regarding citation to the record and largely fails to cite to relevant legal authority. ***See Jones v. Jones***, 878 A.2d 86, 90 (Pa. Super. 2005) (finding waiver of issues on appeal for failure to follow appellate briefing rules, including development of argument and citation to relevant legal authority). Here, however, because we are able to discern the issues raised, we will dispose of them on the merits.

argues that the commute, approximately 40 minutes each way, is unreasonable. However, Mother offers no legal support for this argument, nor does she provide any evidence that this has been detrimental to Child. The trial court determined, after weighing the custody factors, that it would be in Child's best interest to have equal time with both parents. Moreover, the 5-2-2-5 arrangement requires Child to switch households only once per week. Accordingly, we find no abuse of discretion on the part of the court.

Next, Mother argues that the court abused its discretion in ordering that Child attend school in the Peters Township School District. Evidence was presented that Peters Township is superior to the McGuffey School District, where Mother resides. It is not contested that Child is highly intelligent. Father testified that it is important that Child be challenged academically. Mother merely argues, based upon her personal opinion, that Child would excel in the McGuffey School District because her other children did well in that district, but she offered no evidence on the record that McGuffey would be a better placement for Child. Thus, when presented with evidence that Peters Township is superior, the court did not abuse its discretion in ordering that Child attend school there instead of the McGuffey School District.

Mother presents an argument regarding an email she sent to Father on December 8, 2014, which was shortly after Mother and Father had separated. In the email, Mother wrote the following:

Concerning your request to have [Child] a few overnights next week in addition to your weekend, I am not in agreement with you for [Child] to stay overnight at your house 3-4 nights a week. What we had spoken about, both before you moved out and since is as follows: Alternating weekends with me to have [Child]. Also, I have offered that you can have [Child] one night each week, Monday – Thursday, coinciding with my work trips. In the event you do not have him one overnight, you see him two evenings during the week. Additionally, I have also offered that if you have free time during a weekday, i.e.[,] between 8am and 5pm, you are free to see [Child] during that period. Pending a custody hearing and ruling this is the visitation schedule I am willing to work out with you.

Mother's Email to Father, 12/8/14. Mother claims that the trial court erred in determining that this email showed that Mother believed that she could unilaterally control the amount of time Father could enjoy with Child. The final sentence belies Mother's claim of error, as it indicates her inflexible stance on the subject. Accordingly, we discern no error on the part of the court.

Next, Mother asserts that the court committed an error by finding that Mother would only permit Father to speak with Child on the phone once while she and Child were on vacation. Mother argues that this unfairly places her in a negative light. The record reveals that an email was admitted into evidence in which Mother informed Father that he "may call [Child] once while we're on vacation[.]" Mother's Email to Father, 7/17/15. Accordingly, this issue is baseless.

Mother also argues that the court abused its discretion when it determined that if she were granted a greater level of custody, she would not permit Father to have additional visitation time. Evidence was presented

at trial to refute Mother's claim, including an instance in which Mother refused to allow Father to take Child to his company's picnic despite her having notice of it a month in advance. Thus, we find that the court's determination was not an abuse of discretion.

Finally, Mother argues that the court abused its discretion in weighing the credibility of her sister's and her children's testimony regarding Father's role in the household prior to Mother and Father separating. Mother asserts that the testimony of these witnesses establishes that Father was not involved in the household in an attempt to demonstrate that he was not invested in a relationship with Child. However, evidence was presented that both Father and Mother provided for Child's physical and emotional needs. Additionally, credibility and weight of the evidence were determinations for the court to make, and we discern no abuse of discretion.

For the foregoing reasons, we find that the trial court's determinations were reasonable and that the court did not abuse its discretion or commit an error of law in entering the custody order in this matter. *E.R.*, *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/6/2017

- 8 -