Carol A. JONES, Appellant,

v.

Harold W. JONES, Appellee.

Superior Court of Pennsylvania.

Submitted March 28, 2005.

Filed June 8, 2005.

Judy L. Knee, Morton, for appellant.

Michael P. Pierce, Media, for appellee.

BEFORE: STEVENS, BENDER, and POPOVICH, JJ.

OPINION BY STEVENS, J.:

¶ 1 Carol A. Jones ("Wife") appeals from the decree entered April 6, 2004, by the Court of Common Pleas of Delaware County. On appeal, Wife claims that the trial court erred in forcing her to sign the Property Settlement Agreement ("PSA") drafted by Harold W. Jones ("Husband"), where the record revealed that the document failed to accurately reflect the equitable distribution agreement reached by the parties; and that the trial court erred in ordering Wife to pay Husband's attorney's fees to cover the litigation costs related to the filing of a petition for special relief. We affirm but remand the matter for a determination of counsel fees.

¶ 2 The facts and procedural history are as follows: The parties were married in 1964. R. 1 at ¶ 9. Wife, who was represented by James H. Gorbey, Jr., filed for divorce on June 4, 1999. R. 1. On June 8, 1999, Wife filed a petition for special relief and a hearing was scheduled for July 19, 1999. R. 2. On June 18, 1999, Wife requested a continuance, and the hearing was rescheduled for September 7, 1999. R. 3. Husband, who was represented by Maureen C. Repetto, filed an answer and counterclaim to the divorce and an answer to the petition for special relief on July 2,

199. R. 5 and 6.[1] In October 1999, the parties filed Affidavits of Consent. R. 8 and 9.

¶ 3 On October 4, 1999, Attorney Gorbey withdrew from the matter. R. 10. On November 8, 1999, Husband filed a motion for a case management conference, which was scheduled for December 13, 1999. R. 11. On November 10, 1999, Husband filed a petition to bifurcate and a hearing on the petition was scheduled for December 6, 1999. R. 12. On December 1, 1999, Wife's new attorney, Joseph Agozzino, Jr., requested a continuance and the hearing on the petition to bifurcate was initially rescheduled for January 10, 2000, and subsequently rescheduled for January 31, 2000. R. 17 and 19. On February 8, 2000, after the parties reached a tentative agreement, Husband withdrew the petition to bifurcate. R. 20. However, on February 14, 2000, the trial court issued an order scheduling an equitable distribution hearing for May 9, 2000.[2] R. 21.

¶ 4 On October 21, 2000, Wife filed a petition for contempt and a hearing was scheduled for November 20, 2000. R. 22. At Husband's request, the hearing was continued until December 18, 2000. R. 26. However, for reasons not apparent in the record, no hearing took place on the petition. On July 17, 2001, Wife filed a second petition for contempt; the petition noted that Husband was now represented by Michael Pierce. R. 29. A hearing on the petition was scheduled for August 6, 2001. R. 29. After multiple requests for continuances, the hearing was rescheduled for October 15, 2001. R. 31 and 33. Again, for reasons not apparent in the record, no hearing ever took place.[3]

¶ 5 On March 26, 2002, Husband filed an emergency petition for special relief. R. 33. On March 28, 2002, Wife's attorney petitioned to withdraw as counsel. R. 34. Further, on March 28, 2002, the trial court granted Husband's petition for special relief and directed Wife to execute the agreement of sale for a home owned by the parties and to pay $750.00 in attorney's fees. R. 35. On April 14, 2002, the trial court issued a second order finding Wife in contempt of the March 28, 2002 Order and directing her to pay $1,500.00 in attorney's fees. R. 37. On April 15, 2002, the trial court issued a third order, partially vacating the March 28 and April 14, 2002 Orders, and noting that Wife was now represented by Judith L. Ziegler. R. 38.

¶ 6 On December 18, 2002, Husband filed a petition for special relief and a hearing was scheduled for January 6, 2003. R. 40. Argument on the petition for special relief took place on January 6, 2003, and the trial court directed both parties to submit proposed orders containing property settlements.[4] N.T. 1/6/03. On January

1. It does not appear that there was ever a hearing on Wife's petition for special relief.

2. The May 9, 2000 equitable distribution hearing was canceled because the parties again reached a tentative settlement. However, the substance of the agreement was never put on the record, and the sole evidence concerning the existence and substance of the alleged agreement is a series of letters from Wife. No written agreement was ever signed by the parties.

3. In its 1925(a) opinion, the trial court indicates that the parties reached settlements on both petitions for contempt. However, no agreement was ever entered on the record and no written agreement was ever signed by the parties. The sole indication of the existence and substance of the alleged agreement is a March 8, 2001 letter by Wife. Trial Court Opinion December 15, 2004 at 2.

4. We note that, on appeal, Wife appears to take issue with the failure of the trial court to hold an evidentiary hearing on the petition for special relief. However, there is nothing in the record which demonstrates that Wife ever requested such an evidentiary hearing and Wife does not object to submitting the matter

8, 2003, the trial court issued an order directing Wife to sign the PSA drafted by Husband, to execute any and all documents necessary to finalize the divorce, to comply with all terms of the PSA concerning personalty, and to pay $1,500.00 in attorney's fees. R. 42. Wife filed a motion for reconsideration on January 23, 2003. An evidentiary hearing on the motion for reconsideration took place on April 16, 2003, following which, the trial court denied the motion. N.T. 4/16/03 and R. 44. Wife filed a notice of appeal on May 5, 2003, and a six-page 1925(b) statement on May 27, 2003. R. 46 and 49. Wife discontinued the appeal on July 7, 2003. R. 50.

¶ 7 Wife filed a petition for special relief on November 21, 2003, which was denied on December 16, 2003. R. 53 and 56. The parties' divorce was finalized on April 5, 2004. R. 57. The instant appeal followed. The trial court directed Wife to file a statement pursuant to Pa.R.A.P. 1925(b). Wife filed a seven-page 1925(b) statement, and the trial court filed an opinion.

■ ¶ 8 On appeal, Wife challenges the trial court's decision to force her to sign the PSA and the propriety of the award of attorney's fees. However, prior to addressing the merits of Wife's appeal, we must first decide if her claims are properly before us. In *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998), the Pennsylvania Supreme Court held that appellants must file a Pennsylvania Rule of Appellate Procedure 1925(b) statement when ordered to do so or the issues will be waived on appeal. *Id.* In so holding, the Pennsylvania Supreme Court stated:

The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Rule 1925 is intended to aid trial judges in identifying and focusing upon those

issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process.

*Lord,* 553 Pa. at 417, 719 A.2d at 308. *See McKeeman v. Corestates Bank, N.A.,* 751 A.2d 655, 658 n. 2 (Pa.Super.2000) (applying *Lord* to civil cases).

■ ¶ 9 "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Commonwealth v. Thompson,* 778 A.2d 1215, 1223 (Pa.Super.2001) (quotation and quotation marks omitted). "When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues." *In re Estate of Daubert,* 757 A.2d 962, 963 (Pa.Super.2000).

¶ 10 Here, Wife filed a seven-page 1925(b) statement that included approximately twenty-nine issues. Further, the statement was written in narrative form and reads like a preview of Wife's Statement of the Case. It is impossible to discern from the 1925(b) statement which of the twenty-nine paragraphs were actually identifying the issues sought to be reviewed and which were providing unnecessary background information.

¶ 11 In *Kanter v. Epstein,* 866 A.2d 394 (Pa.Super.2004), this Court held that when an Appellant raises an "outrageous" number of issues in the 1925(b) statement, the Appellant has "deliberately circumvented the meaning and purpose of Rule 1925(b) and ha[s] thereby effectively precluded appellate review of the issues [she] now seeks to raise." *Id.* at 401. We further noted that such "voluminous" statements do not identify the issues that Appellant actually intends to raise on appeal because the briefing limitations contained in Pa.

on the papers in the transcript of the January 6, 2003 argument.

R.A.P. 2116(a) makes the raising. of so many issues impossible. *Id.*

¶ 12 Further, this type of extravagant 1925(b) statement makes it all but impossible for the trial court to provide a comprehensive analysis of the issues. Through no fault of its own, the trial court here issued an opinion that recited the facts underlying the dispute and, in a general manner, identified those portions of the record which it believed supported its decision. Trial Court Opinion 12/15/04. The trial court did not cite to any applicable law. The combination of a vague and excessive 1925(b) statement and a necessarily cursory trial court opinion has impeded our ability to undertake a meaningful review of the much more specific issues raised by Wife in her brief. *Id.*

¶ 13 Here, as in *Kanter,* we find that Wife engaged in misconduct when she "attempted to overwhelm the trial court by filing [a] Rule 1925(b) Statement[ ] that contained a multitude of issues that [Wife] did not intend to raise and/or could not raise before this Court." *Id.* at 402. We agree with the *Kanter* Court that this conduct on the part of Wife breaches her duty of good faith and fair dealing with the Court and constitutes a course of misconduct which is designed to "undermine the Rules of Appellate Procedure." *Id.* Accordingly, for the reasons discussed above, we find that Wife's issues on appeal are waived. *See Commonwealth v. Dowling,* 778 A.2d 683, 686–87 (Pa.Super.2001) (issues on appeal are deemed waived when the 1925(b) statement is too vague for the

trial court to identify and address the issues raised on appeal).

■■ ¶ 14 We wish to note that Wife's misconduct with respect to the 1925(b) statement is compounded by her disregard for the briefing requirements contained in the Rules of Appellate Procedure, particularly those contained in Pa.R.A.P. 2119. Wife's brief is not in the order specified in Pa.R.A.P. 2111(a). She has not included a copy of the Rule 1925(b) statement in her brief as required by Pa.R.A.P. 2111(d). Wife's Statement of the Case is argumentative in tone and does not contain "a balanced presentation of the history of the proceedings and the respective contentions of the parties" as required by Pa.R.A.P. 2117(b). Wife's Summary of the Argument exceeds one page and raises issues which are not developed in the Argument in violation of Pa.R.A.P. 2118. While Wife raises two questions in her Statement of the Questions Involved, her Argument is in one part in violation of Pa.R.A.P. 2119(a). Further, Wife's argument contains no citations to case law [5] and reads like a Statement of the Case. Because of the narrative nature of the Argument section, it is impossible to discern whether Wife is arguing that the evidence was insufficient to sustain the trial court's decision or whether she is arguing that the trial court improperly weighed the evidence.[6] It well settled that a failure to argue and to cite any authority supporting any argument constitutes a waiver of issues on appeal. *Korn v. Epstein,* 727 A.2d 1130, 1135 (Pa.Super.1999).

---

**5.** We note that the Argument does contain two statutory citations. However, Wife fails to "set forth the principles for which they are cited," as required by Pa.R.A.P. 2119(b).

**6.** As a large part of the dispute in this matter centers on Wife's claim that the May 8, 2000 and March 8, 2001 letters from Wife's attorney, when read together, constitute the PSA

in this matter, we find it significant that Wife did not see fit to cite to any case law in support of this point, particularly when it is not at all clear from the record that these letters should be read together or that they constitute anything more than Wife's version of the PSA.

Pa.R.A.P. 2119(a) (emphasis added) provides in relevant part that the argument shall be "followed by such discussion and citation of authorities as are deemed *pertinent.*" Rule 2119 contains mandatory provisions regarding the contents of briefs. We have held consistently, "Arguments that are not *appropriately* developed are waived. *Nimick v. Shuty,* 440 Pa.Super. 87, 100, 655 A.2d 132, 138 (1995); *Smith v. Penbridge Associates, Inc.,* 440 Pa.Super. 410, 427, 655 A.2d 1015, 1024 n. 12 (1995)." *Gallagher v. Sheridan,* [445] Pa.Super. [266, 270], 665 A.2d 485, 487 (1995) (footnote omitted) (emphasis added).

It is the appellant who has the burden of establishing [her] entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law. *Commonwealth ex rel. Robinson v. Robinson,* 505 Pa. 226, 478 A.2d 800 (1984). Where the appellant has failed to cite any authority in support of a contention, the claim is waived. *Gallagher v. Sheridan, supra; see also Hercules v. Jones,* 415 Pa.Super. 449, 609 A.2d 837 (1992) (where appellant presented a position without elaboration or citation to case law, we declined to address phantom arguments).

*Bunt v. Pension Mortgage Associates,* 446 Pa.Super. 359, 666 A.2d 1091, 1095 (1995). Thus, given Wife's complete failure to argue the issues raised in her appeal, we find the issues to be waived. *See Nemirovsky v. Nemirovsky,* 776 A.2d 988, 994 (Pa.Super.2001).

¶ 15 We note this is the second time this matter has come before this Court [7] and in both cases Wife chose to file excessive 1925(b) statements and demonstrated her complete disregard for the Rules of Appellate Procedure. Here, Wife's filing of a lengthy and unmanageable 1925(b) statement placed an undue burden on the trial court. Further, Wife has utterly failed to present any argument in support of her claim.

¶ 16 For the reasons discussed above, we specifically find Wife's actions in this appeal to be frivolous. It is apparent to us that this appeal is nothing more than another attempt to delay the resolution of this matter. Accordingly, pursuant to Pa.R.A.P. 2744, we remand this matter to the trial court to determine reasonable counsel fees to be awarded to Husband and paid by Wife. *See First Union Mortgage Corp. v. Frempong,* 744 A.2d 327, 338 (Pa.Super.1999) (awarding attorney's fees following a determination that the appeal was frivolous).

¶ 17 The decree entered April 6, 2004, is affirmed and the matter is remanded to the trial court for the determination of counsel fees. Jurisdiction relinquished.

¶ 18 Affirmed; remanded for counsel fees hearing; jurisdiction relinquished.

---

7. Wife withdrew the first appeal, apparently after coming to the realization that the order in question was interlocutory.