J-A30045-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS SUCCESSOR-IN-INTEREST TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-AR2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR2 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JON D. KOLB, JENNIFER M. KOLB, ESTHER N. KOLB, NORMAN JONATHAN KOLB AND THE UNITED STATES OF AMERICA | |
| APPEAL OF: JON D. KOLB, JENNIFER M. KOLB, ESTHER N. KOLB, NORMAN JONATHAN KOLB | |
| | No. 1309 EDA 2014 |

Appeal from the Order March 19, 2014
in the Court of Common Pleas of Chester County
Civil Division at No.: 2012-10456-RC

BEFORE: LAZARUS, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 18, 2015**

Appellants, Jon D., Jennifer M., Esther N. and Norman Jonathan Kolb,

appeal from the order of March 19, 2014, which granted the motion for

summary judgment of Appellee, Bank of New York Mellon f/k/a The Bank of

_____

[*] Retired Senior Judge assigned to the Superior Court.

New York, as successor-in-interest to JP Morgan Chase Bank, N.A., as Trustee for Structured Asset Mortgage Investments II Trust 2005-ar2, Mortgage Pass-Through Certificates, Series 2005-ar2, in this mortgage foreclosure action. For the reasons discussed below, we affirm.

On April 14, 2004, Appellants, Jennifer and Jon Kolb, recorded a deed conveying "an undivided one-half interest as tenants by the entirety jointly and as joint tenants with rights of survivorship in two parcels . . . each" to Appellants, Norman and Esther Kolb, and to Jennifer and Jon Kolb. ([Appellee]'s Supplemental Response in Opposition to [Appellants]' Motion for Summary Judgment, 2/21/14, at 2) (record citation omitted). On December 30, 2004, Appellants recorded a second deed wherein they conveyed the property back to Jon and Jennifer Kolb as tenants by the entireties in fee. (**See** Memorandum of Law in Support of [Appellee]'s Reply to [Appellants]' Motion for Summary Judgment, 2/10/14, at unnumbered page 1; **see id.** at Exhibit A).

On January 18, 2005, Appellee's predecessor-in-interest, First Horizon Home Loan Corporation, executed a mortgage with Jennifer and Jon Kolb. (**See** Memorandum of Law in Support of [Appellee]'s Motion for Summary Judgment, 11/21/13, at unnumbered page 1; **see id.** at Exhibit A). The parties recorded the mortgage on February 7, 2005, at the Chester County Recorder of Deeds. (**See** [Appellee]'s Supplemental Response in Opposition to [Appellants]' Motion for Summary Judgment, 2/21/14, at 2). On

September 27, 2005, Jennifer and Jon Kolb again conveyed to all four Appellants "one-half interest as tenants by the entirety jointly and as joint tenants with right of survivorship" in the property. (*Id.*).

On January 17, 2009, Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for the predecessor-in-interest assigned the mortgage to The Bank of New York Mellon formerly known as The Bank of New York as successor Trustee to JP Morgan Chase Bank, N.A., as Trustee. (*See* Amended Complaint, 12/18/12, at Exhibit C). It recorded the assignment at the Chester County Recorder of Deeds on September 24, 2009. (*See id.*).

On October 2, 2012, Appellee filed a complaint in mortgage foreclosure against Appellants, alleging that Appellants had not made a payment on the mortgage since 2009. (*See* Complaint, 10/02/12 at 4 ¶ 12). Appellants filed preliminary objections on November 13, 2012, and Appellee filed an amended complaint on December 18, 2012. Appellants again filed preliminary objections on January 7, 2013, which the trial court overruled on April 9, 2013. Appellants did not raise the issue of standing in either of the preliminary objections. (*See* Preliminary Objections, 11/13/12, at unnumbered pages 1-10; Preliminary Objections to Amended Complaint, 1/07/13, at 4-9).

The Bank of New York Mellon formerly known as The Bank of New York as successor Trustee to JP Morgan Chase Bank, N.A., as Trustee recorded an assignment of mortgage dated March 18, 2013, on April 4, 2013 at the

Chester County Recorder of Deeds, wherein it assigned the mortgage to Appellee. (*See* Memorandum of Law in Support of [Appellee]'s Motion for Summary Judgment, 11/21/13, at Exhibit C). On May 6, 2013, Appellants filed an answer and new matter, which did not raise the issue of standing. (*See* Answer and New Matter, 5/06/13, at unnumbered pages 1-6). Appellee filed a motion for summary judgment on November 21, 2013; Appellants filed a motion for summary judgment on January 2, 2014. On March 19, 2014, the trial court found in favor of Appellee and against Appellants.

Appellants filed a timely appeal on April 17, 2014. On April 25, 2014, the trial court ordered Appellants to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Appellants filed a timely Rule 1925(b) statement on May 15, 2014. *See id.* On June 16, 2014, the trial court issued an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellants raise the following questions for our review.

> 1. Did the [t]rial [c]ourt err in granting [Appellee's] [m]otion for [s]ummary [j]udgment and denying [Appellants'] [m]otion for [s]ummary [j]udgment?
>
> 2. Did the [t]rial [c]ourt err in ruling that [Appellants] waived the argument that [Appellee] lacked standing to pursue a foreclosure action against them?
>
> 3. Did the [t]rial [c]ourt err in finding that [Appellee] had standing, that is that [Appellee] had a right to relief in the form of an *in rem* judgment against [Appellants]?

4. Did the [t]rial [c]ourt err in finding that [Appellants] Esther N. Kolb and [Norman] Kolb's ownership interest in the [p]roperty was subject to the [m]ortgage?

(Appellants' Brief, at 5).

In their first claim, Appellants allege that the trial court erred in granting Appellee's motion for summary judgment and denying their motion for summary judgment. (*See* Appellants' Brief, at 11). We find that Appellants waived this claim.

Our scope and standard of review are settled.

> Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of proving that no genuine issues of material fact exist. In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Thus, summary judgment is proper only when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment.
>
> . . . With regard to questions of law, an appellate court's scope of review is plenary. The Superior Court will reverse a grant of summary judgment only if the trial court has committed an error of law or abused its discretion. Judicial discretion requires action in conformity with law based on the facts and circumstances before the trial court after hearing and consideration.

*Cresswell v. Pa. Nat'l Mut. Cas. Ins. Co.*, 820 A.2d 172, 177 (Pa. Super. 2003) (citation and emphasis omitted).

Here, Appellants' brief argument solely consists of a boilerplate recitation of the standard of review for granting summary judgment and bald statements that Appellee was not entitled to summary judgment while Appellants were entitled to have either summary judgment granted in their favor or a jury trial. (*See* Appellants' Brief, at 11-12). There are no citations to the record and Appellants fail to specify the basis for their claim that the trial court erred in its decision to grant summary judgment. (*See id.*). It is long-settled that failure to argue and to cite any authority supporting the argument constitutes a waiver of the issue on appeal. *See Jones v. Jones*, 878 A.2d 86, 90 (Pa. Super. 2005). This Court will not act as counsel and will not develop arguments on behalf of an appellant. *See Bombar v. West American Ins. Co.*, 932 A.2d 78, 94 (Pa. Super. 2007). When deficiencies in a brief hinder our ability to conduct meaningful appellate review, we can dismiss the appeal entirely or find certain issues to be waived. *See* Pa.R.A.P. 2101. Because Appellants have failed to develop their first issue, it is waived. *See id.*; *see also Bombar*, *supra* at 94; *Jones*, *supra* at 90.

In their second claim, Appellants argue that the trial court erred in finding that they had waived their argument that Appellee lacked standing to pursue a foreclosure action against them because "the trial court . . . misconstrue[d Appellants'] argument as being premised on lack of capacity to sue, rather than being premised on lack of standing." (Appellants' Brief,

at 12). Appellants contend that they cannot raise lack of standing in preliminary objections and, thus, that they did not waive the claim by failing to raise it in their preliminary objections. (*See id.* at 13). We disagree.

The Pennsylvania Rules of Civil Procedure provide in relevant part, "[p]reliminary objections may be filed by any party to any pleading and are limited to the following grounds . . . lack of capacity to sue." Pa.R.C.P. 1028(a)(5). While, as Appellants correctly note, (*see* Appellants' Brief, at 13), Rule 1028 uses the language of "lack of capacity to sue" rather than standing, we have stated that the two concepts are related and thus, like lack of capacity to sue, the issue of standing is waived if not objected to at the earliest possible time. *See Hall v. Episcopal Long Term Care*, 54 A.3d 381, 399 (Pa. Super. 2012), *appeal denied*, 69 A.3d 243 (Pa. 2013) (citation omitted) (standing and lack of capacity to sue are related concepts and must be raised at earliest possible opportunity); *see also Kuwait & Gulf Link Transport Co. v. Doe*, 92 A.3d 41, 45 (Pa. Super. 2014) (noting that it is long-held that issue of standing is waived if not raised at first opportunity). In *Huddleston v. Infertility Center of America*, *Inc.*, 700 A.2d 453 (Pa. Super. 1997), this Court specifically held that a defendant waived the issue of standing when she did not raise the issue in preliminary objections. *See Huddleston*, *supra* at 457.

Here, as discussed above, Appellants did not raise the issue of standing in either set of preliminary objections or in their answer and new

matter. Appellants acknowledge that they raised the issue for the first time ["i]n [t]he [s]ummary [j]udgment [p]leadings." (Appellants' Brief, at 12). Thus, because Appellants did not raise the issue of standing at the earliest possible opportunity, they waived the issue. *See Huddleston*, *supra* at 457; *see also Kuwait & Gulf Link*, *supra* at 45; *Hall*, *supra* at 399. Accordingly, Appellants' second claim must fail.

In their third issue, Appellants maintain that the trial court erred in finding that Appellee had standing to pursue the mortgage foreclosure action. (*See* Appellants' Brief, at 13-17). However, because we have held that Appellants waived the issue of standing, we decline to address the merits of their third claim. *See Southwestern Energy Production Co. v. Forest Resources, LLC*, 83 A.3d 177, 185 (Pa. Super. 2013), *appeal denied*, 96 A.3d 1029 (Pa. 2013) (declining to address merits of standing claim when we found claim waived).

In their fourth issue, Appellants allege that "[t]he trial court erred in entering an *in rem* judgment against . . . Appellants Norman Jonathan Kolb and Esther N. Kolb, who were not parties to the mortgage." (Appellants' Brief, at 17). Appellants claim that "[a]s of January 18, 2005, the date of the execution of the [m]ortgage, the owners of record of the [p]roperty were Jon and Jennifer and Norman and Esther, not solely Jon and Jennifer." (*Id.*). However, we agree with the trial court that the record does not support this purely factual assertion.

The trial court discussed this issue as follows:

There are three [d]eeds in this action. Deed 1 was dated April 12, 2004 and recorded in the Chester County Recorder of Deeds on April 14, 2004 at Instrument no. 10400216. Deed 1 conveys an undivided one-half interest as tenants by the entirety jointly and as joint tenants with right of survivorship in two parcels each to Norman Kolb and Esther Kolb, his wife (Norman and Esther) and Jon Kolb and Jennifer Kolb, his wife (John and Jennifer). Deed 2 was dated **December 30, 2004** and recorded on February 7, 2005 at Instrument no. 10503145. Deed 2 transferred the parcels from Norman and Esther and Jon and Jennifer to just Jon and Jennifer as tenants by the entireties. The mortgage at issue was dated January 18, 2005 and recorded on February 7, 2005 at Instrument no. 10503146. Therefore, at the time the mortgage, was executed, the property was owned only by Jon and Jennifer. We note that Deed 2 and the mortgage were recorded on the same day and at the same time as illustrated by the fact that the Instrument numbers are one number apart. Therefore, it appears that deed 2 was executed in connection with or in contemplation of, the mortgage. Deed 3 was dated September 27, 2005 and recorded on October 26, 2005 at Instrument no. 10589763. Deed 3 conveyed the parcels from Jon and Jennifer back to Norman and Esther and Jon and Jennifer. Deed 3 was clearly executed after the mortgage. In addition, Deed 3 specifically states that the conveyance was made "UNDER AND SUBJECT to all conditions and restrictions of record." Therefore, the interest conveyed to Norman and Esther by Deed 3 was, in fact, subject to the mortgage.

(Trial Court Opinion, 6/16/14, at 5-6) (emphasis added). Our review of the record supports the trial court's holding that, at the time of entry into the mortgage, Appellants Norman and Esther Kolb had no interest in the subject property and that the transfer of partial ownership back to them was made subject to the instant mortgage. Appellee properly named Norman and Esther as defendants in this action because they currently hold an ownership

interest in the property. ***See*** Pa.R.C.P. 1147(a)(3). Thus, Appellants' fourth claim lacks merit.

For the reasons discussed above, we hold that the trial court neither abused its discretion nor made an error of law in granting summary judgment in this matter. ***See Cresswell***, ***supra*** at 177. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2015