J. A12045/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| W.D.H | | : | IN THE SUPERIOR COURT OF |
| | | : | PENNSYLVANIA |
| | v. | : | |
| | | : | |
| A.V.H., | | : | No. 162 WDA 2019 |
| | | : | |
| | Appellant | : | |

Appeal from the Order Entered December 20, 2018,
in the Court of Common Pleas of Erie County
Civil Division at No. No. 11399-2014

BEFORE:  BENDER, P.J.E., DUBOW, J., AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 19, 2019**

A.V.H. ("Mother") appeals **pro se** from the December 20, 2018 order that denied her request to have W.H. and D.H., the minor children of Mother and W.D.H. ("Father"), reside with her and ordered that the custody orders of March 26, 2018 and April 11, 2018, remain status quo.  We dismiss.

At oral argument on this matter, this court cautioned Mother that defects in her appellate brief may require dismissal of her appeal.  A review of Mother's brief reveals that she has entirely failed to comply with Pa.R.A.P. 2111, which sets forth the requisite contents of an appellant's brief.  Specifically, Mother fails to include a statement of jurisdiction, a statement of both the scope of review and the standard of review, a statement of the questions involved, a statement of the case, a summary of the argument, an argument, and a short conclusion stating the precise relief sought.  Mother titles her brief "reply

brief." In her "opening statement," Mother states that the purpose of her brief is to respond to allegations made against her by the trial court. (Mother's brief at unnumbered page 1.) Mother then sets forth her "reply," which consists of 14 bullet points setting forth her version of the case. (*Id.* at 1-2.) Mother also includes a "closing statement," which is a narrative of further complaints Mother has concerning the trial court, as well as complaints concerning Father.

As this court has stated, where, as here, "a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Jones v. Jones*, 878 A.2d 86, 89 (Pa.Super. 2005) (citation omitted). Here, we do not know what issues specifically Mother wishes to appeal. She has not directed us to any case authority from which to review the trial court's decision. Therefore, we could dismiss this appeal for the briefing defects alone.

Although we are mindful that Mother is proceeding *pro se*, her choice to do so does not relieve her of her responsibility to properly raise and develop appealable claims. *See Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa.Super. 1996). Moreover, this court cannot act as Mother's counsel. *See id.* Accordingly, because the substantial defects in Mother's brief preclude us from conducting any meaningful judicial review, we are constrained to dismiss this appeal. *See* Pa.R.A.P. Rule 2101; *see also Smathers*, 670 A.2d at 1160-1161.

J. A12045/19

Appeal dismissed.[1]

Judgment Entered.

*[signature: Joseph D. Seletyn]*

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/19/2019

---

[1] We recognize that the crux of Mother's appeal is that the trial court erred in not returning custody of her children to her because of the progress she has made.  Following a hearing, however, the trial court, while recognizing Mother's continuing progress, disagreed that this is the appropriate time to return the children based on concerns with the stability of Mother's living conditions, which have not changed since the last custody review.  At present, the children's needs are being met and their interests protected by the present custody arrangement between Father and paternal grandmother.  This does not mean that, with continued progress, Mother may yet enjoy more unsupervised time with her children.  Custody cases always present difficult issues for the trial court and this court.  This court, however, is not permitted to reverse a trial court's decision on custody without a clear finding of error. We find no error here.