J-S18002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MICHELE M. STIPA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY D. GIAMPAOLO | : | |
| | : | |
| Appellant | : | No. 2740 EDA 2022 |

Appeal from the Order Entered October 7, 2022
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s): 17-01688,
PACSES 344116864

BEFORE:   PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED AUGUST 29, 2023**

Anthony D. Giampaolo ("Father")  appeals *pro se* from the order denying his motion to modify child support for J.G.S. ("Child"). Father argues he is entitled to a downward deviation of his child support obligations due to contributions to Mother's household income by her parents. We affirm.

Father and Michele M. Stipa ("Mother") are the parents of Child, born in November 2016. In December 2017, Mother filed a complaint for child support. In April 2018, the trial court entered in interim order directing Father to pay $604.52 per month plus $60.00 monthly in arrears. On April 5, 2019, Father filed a motion for discovery seeking Mother's parents' tax returns for 2017 and 2018. Ostensibly, Father sought to reduce his child support based

_____

[*] Former Justice specially assigned to the Superior Court.

upon the proposition that Mother's parents were contributing to her household income. On April 29, 2019, while the discovery motion was still pending, the trial court ordered Father to pay $482.66 per month in child support. This Court ultimately affirmed this trial court order. *See Stipa v. Giampaolo*, 1328 EDA 2019 (Pa. Super. filed Mar. 23, 2020) (unpublished memorandum).

While the appeal was pending, Father filed a petition to reduce his child support. On November 8, 2019, the support hearing officer filed a proposed order, finding Father's support obligation to be $399.17 per month plus $30 in arrears. On November 21, 2019, Father filed exceptions to the hearing officer's proposed order. Thereafter, the trial court issued an order holding Father's April 5, 2019 discovery motion in abeyance pending this Court's initial decision in 2020. On October 26, 2020, the trial court entered an order, reducing Father's support obligation to $319.34 per month.

On February 16, 2021, Father filed another petition to modify child support. On April 21, 2021, the trial court issued an interim order finding Father's child support obligation to be $289.75, and scheduled a further support hearing. Thereafter, the hearing officer denied Father's petition to modify, noting that although the guideline calculation amount was $294.53, she would maintain the support order at $289.75. Father again filed exceptions. On March 18, 2022, the trial court held a hearing, after which it entered an order, denying without prejudice the exceptions due to the still outstanding discovery motion that was scheduled to be heard on March 30,

- 2 -

2022.[1] Notably, the order stated that "[i]f additional income is acknowledged by the trial court … (and that income is proven to be contributed to [] Mother's household), then that income may be considered for any support filing subsequent to April 5, 2019." Subsequently, the trial court granted Father's motion for discovery, and remanded Father's November 21, 2019 exceptions to the hearing officer with the requirement that Mother's parents' 2020 tax return be provided to the hearing officer.

On May 16, 2022, the hearing officer held a hearing. Mother's parents 2020 tax return was entered into evidence and reflected that they had an income of $63,585.00. Moreover, Mother testified that although her parents live with her and Child for 8 months of the year, they do not contribute any money toward the household expenses. Father did not elicit any further evidence that Mother's parents contribute to the household. As a result, the hearing officer entered a proposed order directing Father to pay $289.75 per month until June 1, 2022, and $231.80 per month thereafter. Father filed exceptions to the proposed order, arguing that the hearing officer ignored Mother's parents' income in determining whether to deviate from the guideline amount of support, because Mother's parents contribute to her household income. The trial court held a hearing, after which it denied Father's

_____

[1] The trial court also denied Father's exceptions concerning arrears and credits without prejudice because such claims were subject of separate motions, and Father's exception regarding wage attachment, as he was not subject to attachment at that time.

exceptions, and made the support officer's proposed order final. This timely appeal followed.

Father raises the following question for our review: "Did the lower court err as a matter of law when it ignored other household income contrary to Pa.R.C.P.1910.16-5(b)(3)?" Appellant's Brief at 6.

Our standard in reviewing child support orders is as follows:

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.
>
> Furthermore, this Court must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first hand.
>
> When the trial court sits as fact finder, the weight to be assigned the testimony of the witnesses is within its exclusive province, as are credibility determinations, and the court is free to choose to believe all, part, or none of the evidence presented. This Court is not free to usurp the trial court's duty as the finder of fact.

*M.E.W. v. W.L.W.*, 240 A.3d 626, 634 (Pa. Super. 2020) (citations and colon omitted).

Father argues that the trial court erred by failing to deviate from the support guidelines based upon Mother's parents' income, which he believes constitutes "other household income" under Pa.R.C.P. 1910.16-5(b)(3).[2] **See** Appellant's Brief at 10. According to Father, the hearing officer "engaged in intellectual dishonesty" by concluding that the income in question was not a reason to deviate from the guidelines based upon a standard of contributions to household expenses. **Id.** at 12. Father claims that using such a standard would require a forensic analysis of the money spent in a household. **See id.** Father highlights that Mother's parents' income is higher than the income of either party. **See id.** at 12, 13. Father also cites to purportedly inconsistent testimony by Mother relating to groceries bought by her parents for their summer home, but not for the household with Mother and child. **See id.** at 13; **see also id.** (wherein Father argues Mother's testimony in this regard rendered all of her testimony incredible). Father complains that the trial court is ordering him to feed Mother's mother with his child support payments. **See id.** at 14.

The trial court addressed Father's claim as follows:

> Mother admitted her parents were primarily residing with her, do not contribute to her expenses, do not pay rent to live with her, and spend Memorial Day through September at the home they own in North Cape May. She also testified that they paid her water bill one time and buy groceries for themselves. No proof of

---

[2] Rule 1910.16-5(b)(3) states that "[i]n deciding whether to deviate from the basic child support, … the trier-of-fact shall consider … other household income[.]" Pa.R.C.P. 1910.16-5(b)(3).

any contribution by Mother's parents to Mother's household income was proven by Father. Mother specifically denied any such contribution. [The hearing officer] found Mother's testimony to be credible that, although her parents' combined income is $63,585.00, they do not contribute to Mother's monthly household expenses during the 8 months they reside with Mother. No reason was found by [the hearing officer] to deviate from the guideline amount of support.

The [trial] court was never given any reason or basis to believe that Mother's parents contributed to Mother's household income. Father presented no proof to contradict Mother's testimony. The [hearing officer] found Mother credible and the trial judge had no reason to find Mother incredible. There was nothing upon which the trial court could base a finding of a contribution by Mother's parents to Mother's household at all. Father's only "evidence" proffered to counter Mother's testimony was "common sense" and the fact that Mother's parents earned a total of $63,585.00 in retirement income. … Father also indicated that the [hearing officer] was intellectually dishonest when [the hearing officer] did not permit a downward deviation from Father's child support obligation because of the alleged contribution of Mother's parents to Mother's household, but gave no proof whatsoever of the [hearing officer's] intellectual dishonesty. Father also misstated the [hearing officer's] finding of facts as set forth in [his] report from [May 16, 2022]. The [hearing officer] found that "on cross-examination, the obligee (Mother) testified her parents buy their own groceries." Father counters that finding and insists that "to the contrary, [Mother] testified that her parents only bought food for their summer house, not when they lived in [Mother's] house during the majority of the year." At the actual hearing, Father asks Mother during cross-examination, "Uh, and, uh your mom, uh, buys groceries for the household, true." Mother responds, "She buys groceries for her and my father." And further clarifies, "Only her and my father, yes." Father then refers to a video (not in evidence) that apparently shows Mother's mother unloading groceries from the Acme on a Saturday morning and asks, are groceries just for her?" Mother replies and states, "Yes, sometimes she'll buy things to take down to the shore, yes." … Father failed to give any reason why the trial court should substitute its own judgment for the [hearing officer's]. Based on the evidence presented by both parties, the judgment of the [hearing officer] was the fair and reasonable judgment to be made based on the facts and the law and the trial court upheld it.

Trial Court Opinion, 2/3/23, at 14-16 (citations and footnote omitted).

We agree with the trial court's reasoning. Here, Father does not point to any misapplication of law by the trial court, nor does he cite to any case law to suggest an abuse of discretion. In fact, Father's argument asks this Court to reevaluate and reweigh the evidence in a manner more favorable to him; we cannot do so. **See M.E.W.**, 240 A.3d at 634 (noting that as an appellate court, we do not reweigh the evidence, and we do not substitute our judgment for that of the trial court). Accordingly, having reviewed the record, we conclude that the trial court did not abuse of discretion in denying Father's petition to modify his child support.[3]

Order affirmed.

---

[3] We note that Father baldly argues that the trial court improperly engaged in an analysis pursuant to **Melzer v. Witsberger**, 480 A.2d 991 (Pa. 1984) (setting forth the formula to calculate child support for parties prior to the adoption of guidelines in 1984 and 23 Pa.C.S.A. § 4322). **See** Appellant's Brief at 14. However, Father only quotes Supreme Court cases, and does not set forth any argument or analysis establishing error by the trial court in this regard. **See** Pa.R.A.P. 2119(a) (noting that an argument must be accompanied by pertinent analysis and citation to authority); **Jones v. Jones**, 878 A.2d 86, 90 (Pa. Super. 2005) (noting that the failure to argue and cite to relevant authority constitutes a waiver of the claim on appeal). In any event, we reject Father's bald argument based upon the trial court's sound reasoning. **See** Trial Court Opinion, 2/3/23, at 16-18. Specifically, the trial court noted that the **Melzer** formula is no longer applicable with the adoption of Section 4322 and Pa.R.C.P. 1910.16-3.1. **See id.** at 17 (citing, *inter alia*, Pa.R.C.P. 1910.16-3.1 cmt. (stating "high income child support cases no longer will be decided pursuant to **Melzer**")). Further, the trial court emphasized that there is no evidence that the hearing officer or the trial court ever considered the **Melzer** factors in rendering the child support orders. **See id.**

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2023