J-S27006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN PAUL MERTZ | : | No. 351 EDA 2024 |

Appeal from the Order Entered December 28, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001196-2022

BEFORE:   LAZARUS, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, P.J.:           **FILED DECEMBER 05, 2024**

The Commonwealth of Pennsylvania appeals from the order, entered in the Court of Common Pleas of Monroe County, granting Steven Paul Mertz's motion to suppress compelled statements pursuant to ***Garrity v. New Jersey***, 385 U.S. 493 (1967),[1] and dismissing six of seven counts of perjury.[2] We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] In ***Garrity***, the United States Supreme Court held that "***Garrity*** warnings" must be given to police officers who are the subject of an internal investigation that **their answers will not be used in any criminal prosecution**, while also warning the subject of the investigation that the refusal to answer questions may be grounds for termination. ***Id.*** at 500 (holding "the protection of the individual of the Fourteenth Amendment against coerced statements prohibits use in subsequent criminal proceedings of statements obtained under threat or removal from office").

[2] 18 Pa.C.S.A. § 4902(a).

In light of the basis for our disposition, we provide a truncated summary of the proceedings, which can be found in greater detail in the trial court opinion. **See** Trial Court Opinion, 4/2/24, at 1-5 (summarizing procedural and factual history). In short, during an internal investigation, Mertz, a then-corporal with the Pocono Mountain Regional Police Department, was compelled to give a statement under the protections of **Garrity**. Mertz subsequently testified at his trial in contradiction to those statements.[3] As a result, the Commonwealth filed seven counts of perjury against Mertz, alleging that he committed perjury at trial by not testifying consistently with his **Garrity**-protected statement. In particular, the Commonwealth sought to introduce Mertz's **Garrity**-protected statement as evidence that he committed perjury at the subsequent trial. Mertz filed a motion to suppress, which the trial court granted, and dismissed six of the seven counts of perjury. The Commonwealth filed a timely notice of appeal.

The Commonwealth is not entitled to review on the merits of its appeal. On January 26, 2024, the trial court ordered the Commonwealth to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The Commonwealth timely filed a Rule 1925(b) concise statement. However, upon review, we conclude that the statement does not comport with our appellate rules.

_____

[3] Mertz was ultimately convicted in that proceeding of bribery and obstruction of justice. **See Commonwealth v. Mertz**, 311 A.3d 596 (Pa. Super. 2023) (Table) (affirming convictions but remanding for resentencing).

The purpose of a Rule 1925(b) statement is to facilitate appellate review and to provide the court, parties, and public with the legal basis for a judicial decision. *See Commonwealth v. Parrish*, 224 A.3d 682, 692 (Pa. 2020). Rule 1925(b)(4)(ii) provides that the statement "**shall concisely** identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii) (emphasis added). The Rule highlights this need for conciseness in section (b)(4)(iv), stating that the statement "should not be redundant or provide lengthy explanations as to any error." *Id.* at (b)(4)(iv). Further, any "[i]ssues not included in the Statement and/or **not raised in accordance with the provisions of this paragraph (b)(4) are waived**." *Id.* at (b)(4)(vii) (emphasis added).

Here, the Commonwealth has filed a five-page Rule 1925(b) concise statement, written in narrative form. *See* Commonwealth's Concise Statement of Errors Complained of on Appeal, 2/9/24, at 1-5 (unpaginated). Throughout its statement, the Commonwealth repeatedly cites to case law, statutes, and the record. *See id.* As the trial court aptly stated, "the [Commonwealth] filed a conclusory, unnumbered, four[-]and[-]one-quarter page, invective and opinion-filled narrative[.]"[4] Trial Court Opinion, 4/2/24,

_____

[4] We observe that the trial court went on to address a multitude of issues that it presumed were included in the Commonwealth's concise statement based upon the pre-trial issues that were litigated. *See id.* at 1-51 (incorporating trial court's prior opinions and orders). However, as stated *supra*, in light of
*(Footnote Continued Next Page)*

at 1.  Simply put, the Commonwealth's Rule 1925(b) statement has utterly failed to comport with Rule 1925 and our case law.  ***See Jones v. Jones***, 878 A.2d 86, 89 (Pa. Super. 2005) (seven-page Rule 1925(b) concise statement written in narrative form waived all issues); ***see also*** Pa.R.A.P. 1925(b)(4)(iv).  Accordingly, all of the Commonwealth's claims are waived, and we affirm the trial court's order.

Order affirmed.

Colins, J., Joins the Memorandum.

Nichols, J., Concurs in the result.

_____

the Commonwealth's failure to comport with appellate Rule 1925(b), we find all issues waived.

Moreover, even if the Commonwealth had not waived its claims on appeal, we would affirm on the basis of the well-written and comprehensive trial court opinion.  ***See*** Trial Court Opinion, 4/2/24, at 1-51 (concluding that Mertz's statements were protected under ***Garrity***).    At the core of the Commonwealth's argument is that Mertz's ***Garrity***-protected statement **is truthful**.  ***See id.*** at 10-11 (quoting Commonwealth filings).  As the trial court saliently noted, ***Garrity***-protected statements can only be used in future criminal proceedings, if the ***Garrity*** statement was **false**.  ***See id.*** at 11-13. Here, the Commonwealth charged Mertz with perjury for his statements at his subsequent trial, based upon the allegation that his ***Garrity***-protected statement **was truthful**.  Consequently, the Commonwealth's argument fails.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/5/2024