J-S38002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: G.L.C., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: M.R.C., MOTHER | : | No. 333 EDA 2019 |

Appeal from the Decree January 3, 2019
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No(s):  CP-51-AP-0000840-2018

| | | |
|---|---|---|
| IN THE INTEREST OF: G.L.C., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: M.R.C., MOTHER | : | No. 334 EDA 2019 |

Appeal from the Order Entered January 3, 2019
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No(s):  CP-51-DP-0002707-2017

BEFORE:   OTT, J., DUBOW, J., and COLINS*, J.

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 16, 2019**

M.R.C. ("Mother") appeals from the order entered on January 3, 2019,

changing the permanent placement goal of her daughter, G.L.C. ("Child"),

born in September 2017, from reunification to adoption.  Mother also appeals

_____

* Retired Senior Judge assigned to the Superior Court.

from the decree entered the same day, involuntarily terminating her parental rights to Child.[1]  We remand for a supplemental opinion.

DHS first became involved with Child when it received a validated GPS report at the time of her birth in September 2017.  *Id.* at 8-9.  The report alleged that Child tested positive for THC and exhibited withdrawal symptoms. *Id.* at 9-10.  In addition, Mother was homeless and had no place to go with Child.  *Id.* at 9.  DHS obtained emergency protective custody on October 11, 2017, and the trial court entered a shelter care order on October 13, 2017. The court adjudicated Child dependent on October 20, 2017, and set Child's permanent placement goal as reunification.

On October 17, 2018, DHS filed petitions to change Child's permanent placement goal to adoption and to terminate Mother's parental rights to Child involuntarily.  The trial court conducted a hearing on January 3, 2019, at the conclusion of which it announced that it would change Child's goal to adoption and terminate Mother's parental rights.  The court entered a goal change order and a termination decree that same day.  Mother timely appealed on January 24, 2019.

Mother presents her claims on appeal as follows:

_____

[1] In addition, the trial court entered separate decrees involuntarily terminating the parental rights of Child's putative father, R.C., and the parental rights of any unknown father that Child may have.  R.C. did not attend the termination and goal change hearing, nor did he participate in Child's dependency proceedings in any way.  Neither R.C., nor any unknown father, appealed the termination of his parental rights.

1. Whether the Trial Court erred in determining that the parental rights of Appellant/Mother are forever terminated, and the child's goal would be changed to adoption insofar as said findings failed to take into account and recognize the extensive efforts the Appellant/Mother had made to comply with the objectives of her Single Case Plan [("SCP")], and the Juvenile Act's mandate to preserve the family whenever possible[?]

2. Whether the Trial Court erroneously determined that the [Community Umbrella Agency ("CUA")] no longer needed to explore family members for placement for the child, insofar as the Appellant/Mother had from the outset of this case provided the CUA agency with the name and contact information of a Maternal Aunt of the child, residing in the State of Delaware, and the CUA agency allegedly had initiated procedures under the Interstate Compact on the Placement of Children (["]ICPC["]), that were still pending at the time of this Court's Order of January 3, 2019[?]

3. Whether the Trial Court failed to explore all potential relatives of the child as potential resources for the adoption and/or permanent placement of the child as outlined in Paragraph #2 stated above[?]

4. Whether the Trial Court erred in determining that the parental rights of Appellant/Mother are forever terminated insofar as:

   a. Under 23 Pa. C.S.A. Section 2511 (a) (1) the Mother's consistent compliance with her visitation schedule with the child evidenced to the Court a settled purpose of maintaining an ongoing relationship with the child[?]

   b. Under 23 Pa. C.S.A. Section 2511 (a) (2) the conditions which led to the placement of the child were in fact being addressed by the Mother through her successful and ongoing Drug and Alcohol Treatment Therapy, and as such, no evidence existed that the Mother could not, or would not, remedy these conditions[?]

> c. Under 23 Pa. C.S.A. Section 2511 (a) (5) there was no evidence submitted that the conditions which led to the removal of the child could not, or would not, be remedied within a reasonable amount of time, insofar as Mother submitted documentation that clearly illustrated her consistent compliance and dedication to Drug and Alcohol Treatment Therapy, further evidencing a commitment to recovery[?]
>
> d. Whether the Trial Court erred in finding that under 23 Pa. C.S.A. Section 2511 (a) (8), termination of parental rights would best serve the needs of the child, insofar as Mother had voluntarily enrolled in, and actively participated in, a Drug and Alcohol Treatment Therapy Program, consistently visited with the child, and evidenced a commitment to recovery, all of which were objectives of her [SCP], in the hope of being reunified with her child[?]

The following structural questions are raised for the first time in Appellant's brief:

5. Whether the Trial [C]ourt erred in vacating the appointment of the child's attorney at the start of the termination hearing on the basis of her being too young to verbalize her preferred outcome, when there was no record of the child's attorney having attempted to ascertain her preference in any other way[?]

6. Whether the Trial [C]ourt erred in vacating the appointment of the child's attorney at the start of the termination hearing where 23 Pa.C.S.A. 2313(a) requires that the child's legal interests must be represented, and where there is no record of the Trial Court having ascertained whether the child had other legal interests at stake such as her rights to connection to her biological relatives, the possibility of inheritance through her parents and their lineage, etc.[?]

7. Whether the Trial Court erred in failing to appoint counsel for [R.C.] throughout the life of the dependency and adoption matters where [R.C.'s] identity was known, and where the Court relied on allegations concerning [R.C.] in terminating Mother's rights as well as his own.

Mother's brief at 4-6 (trial court answers omitted).

In the instant case, our review of the record indicates that Mother filed two distinct notices of appeal, along with two distinct concise statements of errors complained of on appeal, in which she preserved the first, second, third, and fourth claims in her statement of questions involved for our review. On March 11, 2019, the trial court filed an opinion addressing both of Mother's appeals simultaneously. While the court's opinion discussed the termination of Mother's parental rights, which she challenged in her first and fourth claims, it did not discuss the remaining matters *sub judice*. Specifically, the opinion did not discuss the court's decision to change Child's goal to adoption, nor did it discuss the court's decision that CUA no longer needed to explore placement of Child with a family member, which Mother challenged in her first, second, and third claims. The absence of an opinion addressing these claims prevents meaningful appellate review and renders us unable to determine whether the court committed an abuse of discretion or error of law. ***See Jones v. Jones***, 878 A.2d 86, 89 (Pa. Super. 2005) (quoting ***Commonwealth v. Lord***, 719 A.2d 306, 308 (Pa. 1998)) ("The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review.").

Accordingly, we remand this matter so that the trial court may prepare a supplemental opinion, within thirty (30) days of its receipt of the certified record, explaining the reasons for its decision. In particular, we direct the

court to explain its decision to change Child's permanent placement goal to adoption and, if relevant, its decision that CUA no longer needed to explore placement of Child with a family member.

Case remanded for further proceedings. Panel jurisdiction retained.

Judge Dubow joins this memorandum.

Judge Colins files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/19