J-S52017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| T.L.H. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| J.P.R. | : | No. 3191 EDA 2018 |

Appeal from the Order Entered October 19, 2018,
in the Court of Common Pleas of Bucks County,
Domestic Relations at No(s):  2017DR01851,
PACSES 75511815.

BEFORE:  OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED DECEMBER 17, 2019**

In this matter, T.L.H. (Mother), *pro se*, appeals the decision of the Bucks County Court of Common Pleas to assume jurisdiction over her child support case pursuant to the Uniform Interstate Family Support Act, (UIFSA, 23 Pa.C.S.A. §§ 7101 *et seq.*); Mother also appeals the court's decision to reduce the amount of child support owed to Mother by J.P.R. (Father).  After careful review, we affirm.

In its detailed procedural history, the trial court thoroughly explained how a support obligation from New York found its way to Pennsylvania by way of New Jersey:

> Mother appeals from [the Bucks County trial] court's support order entered after a hearing on October 2, 2018. This case has a long procedural history, which spans over six years and three states: New York, New Jersey, and the Commonwealth of Pennsylvania.

On May 21, 2012 the parties entered into an agreed stipulation for child support in the State of New York, in which Father agreed to pay $1,615, bi-weekly, to Mother for the support and maintenance of their two minor children. The children are now ages 15 and 12.

On or around October 20, 2014, [Father] filed for support modification in the State of New York based upon [] his temporary loss of employment.

On July 27, 2015, [the New York court] entered an order [], which temporarily decreased [Father's] child support obligation to $900 bi-weekly pending a "plenary" hearing. On April 29, 2016, prior to the "plenary" hearing, [Father] filed for another support reduction in New York based upon subsequent temporary unemployment from April 2016 through November 2016.

On January 20, 2017, still prior to the hearing for support in New York Mother attempted to file the original divorce decree and child support stipulation from the State of New York in the courts of New Jersey, where [Father] was now residing. The divorce decree and the May 12, 2012 child support stipulation were registered in New Jersey on March 6, 2017. On the same date, March 6, 2017, [a New Jersey court] issued an order enforcing the original agreed upon amount of Father's $1,615 bi-weekly child support obligation which was issued in the State of New York five years earlier.

[***]

On April 21, 2017 the [New York court] dismissed Father's April 29, 2016 motion for another decrease in support. The opinion/order issued by the [New York court] found that the financial information supplied by [Father] indicated that he had the financial ability to pay the $1,615 child support order during his period of temporary unemployment from April 2016 through November 2016. Further, in the April 21, 2017 order, the [New York court] declared that [it] no longer maintained jurisdiction over this matter because none of the parties resided in the State of New York. On July 18, 2017, Father filed an objection to this New York order of April 21, 2017. His objection was overruled.

In or around November 27, 2017, [Father] filed for a reconsideration in New Jersey of the March 6, 2017 order, which enforced the original New York agreed order of May 21, 2012. [Father] further requested the New Jersey court to enforce the New York interim modification order from July 27, 2015, which required him to pay only $900 bi-weekly. The New Jersey court denied [Father's request] to enforce the July 2015 New York order.

In its opinion, the New Jersey court determined that the New York order of July 27, 2015 was temporary and was rescinded when New York relinquished jurisdiction. As noted, the July 27, 2015 order from the [New York court] ordered Father to pay $900 bi-weekly.

New Jersey, however, enforced their prior order of March 6, 2017 requiring [Father] to pay $1,615 bi-weekly for child support which was entered by agreement in New York on May 21, 2012.

On March 9, 2018, Mother filed in New Jersey to "modify" [Father's] payments toward his support arrears. [Mother] also requested that the New Jersey courts modify their child custody schedule, which was denied. The New Jersey order stated that New Jersey no longer exercised jurisdiction over the custody matters because the children resided in Pennsylvania.

[***]

The New Jersey court did, however, enforce the child support order under the Uniform Interstate Family Support Act (UIFSA).

On April 9, 2018, Father filed a Uniform Support Petition in the Bucks County Court of Common Pleas seeking a reduction of his child support obligation. A Support Conference was held on August 9, 2018 and a hearing was held before [the Pennsylvania trial] court on October 2, 2018. At this hearing [the Pennsylvania trial court] considered the support calculations pursuant to Pa.R.C.P. 1910.16-2 (Amount of Support. Support Guidelines). [The trial court] reduced Father's child support to $1,436 per month with the arrears payable at $292 per month.

On November 1, 2018, Mother filed a notice of appeal to the Superior Court of Pennsylvania. On November 2, 2018, [the trial court] ordered [Mother] to file a Concise Statement of Errors pursuant to Pa.R.A.P. 1925(b). [Mother] filed her [Concise] Statement on November 21, 2018.

Trial Court Opinion, 12/27/18, a 1-4 (some legal citations and citations to the record omitted).

Mother's concise statement of matters complained of on appeal is six pages long, and between the enumerated paragraphs and subparts, Mother sets forth 19 issues. In her brief, Mother distills those matters into eight statements of error:

I.   Should the instant appeal be granted because the trial court abused its discretion and/or committed an error of law by assigning jurisdiction in Bucks County, Commonwealth of Pennsylvania for the modification of a child support order in direct violation of all applicable laws?

II.  Should the instant appeal be granted because even if the trial court had not abused its discretion and/or committed an error of law in assigning child support jurisdiction in Bucks County, Commonwealth of Pennsylvania, which it clearly did, the State of New Jersey had issued support orders on March 6, 2017 and November 27, 2017?

III. Should the instant appeal be granted because the court predetermined the outcome before the hearing commenced?

IV.  Should the instant appeal be granted because the court's decision was based upon its own personal bias against [Mother] rather than applicable and controlling law?

V.   Should the instant appeal be granted because of the doctrine of *res adjudicata* [sic]?

VI.     Should the instant appeal be granted due to the court's failure to recognize and address the most relevant legal facts and arguments?

VII.    Should the instant appeal be granted because the court's decision relies exclusively upon irrelevant and/or inapplicable quasi-legal arguments and falsehoods in rendering its predetermined ruling?

VIII.   Should the instant appeal be granted because of the historical and ongoing bad faith [Father] has engaged in throughout the child support modification process?

Mother's Brief, at 6-7.

Before addressing the merits, we must establish whether Mother has properly preserved these issues for our review.

Mother was obligated to file a concise statement of errors, pursuant to Pa.R.A.P. 1925(b). Although Rule 1925(b) provides that the number of issues raised in a concise statement will not be grounds for finding waiver, this principle applies only "[w]here non-redundant, non-frivolous issues are set forth in an appropriately concise manner[.]" Pa.R.A.P. 1925(b)(4)(iv); *see also Kanter v. Epstein*, 866 A.2d 394, 401 (Pa. Super. 2004) (holding that by "raising an outrageous number of issues" in a Rule 1925 statement, an appellant impedes the trial court's ability to prepare an opinion addressing the issues on appeal, thereby effectively precluding appellate review); *and see Jones v. Jones*, 878 A.2d 86 (Pa. Super. 2005) (holding that a seven-page, twenty-nine issue statement resulted in waiver).

This Court may also find waiver where a concise statement is too vague. *See In re A.B.*, 63 A.3d 345, 350 (Pa. Super. 2013). This Court cannot

conduct a meaningful review if it has to guess what issues an appellant is appealing. *See Jones*, 878 A.2d at 89 (Pa. Super. 2005) (finding waiver when this Court could not discern appellant's issues on appeal) (citation omitted). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem the issue to be waived." *Commonwealth v. Connavo*, 199 A.3d 1282, 1289 (Pa. Super. 2018) (citations omitted). Lastly, we observe that issues not raised in the lower court are also waived, for they cannot be raised for the first time on appeal. Pa.R.A.P. 302(a).

Mother has not strictly complied with these Rules. We are mindful that Mother represented herself throughout these proceedings, but it is not the duty of this Court to act as appellant's counsel, and we decline to do so.[1] *See Hayward v. Hayward*, 868 A.2d 554, 558 (Pa. Super. 2005). We have cautioned that any person choosing to represent herself in a legal proceeding must, to a reasonable extent, assume that her lack of expertise and legal training will be her undoing. *Thomas v. Thomas*, 194 A.3d 220, 229 (Pa. Super. 2018)(citation omitted). While this Court is willing to construe

_____

[1] We recognize Mother felt broadsided when Husband appeared at the support hearing with counsel, and we believe her assertion that, had she known Husband retained an attorney, she would have done the same. Nevertheless, the trial court was well within its discretion to deny her request for a continuance and proceed with the hearing. *See e.g., Baysmore v. Brownstein*, 771 A.2d 54, 57 (Pa. Super. 2001) (the trial court is vested with broad discretion in the determination of whether a request for a continuance should be granted, and an appellate court should not disturb such a decision unless an abuse of that discretion is apparent.)

materials of an unrepresented litigant liberally, one's *pro se* status confers no special benefit. **Thomas**, 194 A.3d at 229 (citation omitted).

In the instant case, we note that Mother did not make formal objections during the hearing. Moreover, the nexus between her statements involved section in her brief and her concise statement is quite attenuated. The trial court did not even attempt to discuss Mother's enumerated errors individually; instead the court articulated generally the reasons for its decision. Based on our review, we conclude that Mother has preserved two primary issues, which we restate:

1. Whether the Bucks County Court of Common Pleas properly exercised jurisdiction under the Uniform Interstate Family Support Act?

2. Assuming the trial court had jurisdiction, whether the court abused its discretion when it reduced Father's child support obligation?

To be sure, these are the pillars of Mother's appeal, and to that end, we also address the several subsidiary issues that are salvageable from these two challenges. **See** Pa.R.A.P. 1925(b)(4)(v) ("Each error identified in the [Concise] Statement will be deemed to include every subsidiary issue….").

Turning now to the merits, we are guided by the following standard:

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment

> exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*K.J.P. v. R.A.P.*, 68 A.3d 974, 978 (Pa. Super. 2013) (citation omitted).

The Bucks County court concluded that Pennsylvania had jurisdiction under UIFSA because no other state had continuing, exclusive jurisdiction. *See* 23 Pa.C.S.A. § 7611(a)(1) (Modification of child support order of another state). At the outset we observe that New York explicitly relinquished jurisdiction and New Jersey only assumed jurisdiction insofar as it enforced New York's orders.

The dispositive UIFSA provision provides in relevant part:

> After a child support order issued in another state has been registered in this state, the responding tribunal may modify that order…if the following requirements are met:
>
> (1) the child, the individual obligee and obligor do not reside in the issuing state;
>
> (2) a petitioner who is a nonresident of this state seeks modification; and
>
> (3) the respondent is subject to the personal jurisdiction of the tribunal of this state.

23 Pa.C.S.A. § 7611(a).

In a factual application, we fill in Section 7611(a) with the following information:

> Since the child support order was issued in New York and has been registered in Pennsylvania, the Pennsylvania court may modify that order if the following requirements are met:

- 8 -

(1) the issuing state was New York, and no family member resides there anymore (Mother and children live in Pennsylvania, and Father lives in New Jersey);

(2) the petitioner is a non-resident who sought modification (Father, who lives in New Jersey and thus a non-resident of Pennsylvania, petitioned to modify support in Pennsylvania); and

(3) the respondent is subject to the personal jurisdiction of Pennsylvania (Mother, the respondent, is a resident of Pennsylvania and thus is subject to its personal jurisdiction).

All three criteria have been met.

Mother contends that jurisdiction rightly belongs in New Jersey, because New Jersey had issued two orders. By her logic, the issuing state would then be New Jersey, and the Section 7611(a) requirements would not be satisfied. But the New Jersey court merely issued orders enforcing the originally issued New York order. The enforcement orders did not bestow upon New Jersey the status of an "issuing state." *See* 23 Pa.C.S.A. § 7101.1 (Definitions). In this context, New Jersey was only a "responding state." *See id.*

Moreover, the New Jersey court dismissed Mother's request to modify Father's arrears payments. When it did so, the New Jersey court refused to assume jurisdiction, opining that Pennsylvania was the proper state under UIFSA. In other words, not only *could* Pennsylvania assume jurisdiction, it would appear that *only* Pennsylvania could do so. We conclude that the trial court properly navigated UIFSA and rightly assumed jurisdiction.

We turn now to Mother's second restated issue. Assuming Pennsylvania had properly assumed jurisdiction, Mother contends that the court's reduction

of Father's obligation was an abuse of discretion. Specifically, Mother argues that Father did not experience a material and substantial change in circumstances permitting a modification under Pa.R.C.P. 1910.19 (Support. Modification. Termination. Guidelines as Substantial Change in Circumstances. Overpayments.).[2]

Rule 1910.19 provides in relevant part:

> (c) Pursuant to a petition for modification, the trier-of-fact may modify or terminate the existing support order in any appropriate manner based on the evidence presented without regard to which party filed the petition for modification. If the trier-of-fact finds that there has been a material and substantial change in circumstances, the order may be increased or decreased based on the parties' respective monthly net incomes, consistent with the support guidelines, existing law, and Pa.R.C.P. No. 1910.18(d), and the party's custodial time with the child at the time the modification petition is heard.

Pa.R.C.P. 1910.19(c).

Mother evidently construes this Rule to mean that the court may only consider the **obligor's** change in circumstances. In her view, since Father has not experienced any negative change in his financial circumstances, he should not be entitled to a modification. This would be a misapplication of the law. Rule 1910.19(c) authorizes the trier-of-fact to consider all the evidence, that is, all the changes in circumstances, without regard to who filed the petition for modification. For instance, in **Mackay v. Mackay**, 984 A.2d 529,

---

[2] In an apparent typo, Mother identifies the modification rule as Pa.R.C.P. 1910.9, which concerns discovery in support proceedings.

540 (Pa. Super. 2009), the trial court considered the newly vested stock options of the obligee-respondent, even though it was the obligor-petitioner who sought a downward modification of his support obligation. We concluded that the court's consideration of the obligee-respondent's financial change in circumstances was proper. *See id.*

Instantly, the trial court similarly recognized Mother's change in circumstances. Since the creation of the original, 2012 support obligation in New York, Mother now earns approximately the same amount of income as Father, and Mother and the children no longer reside in Manhattan.

When the parties consented to Father's original support obligation in 2012, the parties stipulated that Father's "child support income is $135,000" and that Mother's "child support income is $107,931." *See* Stipulation Re: Child Support, at ¶ 4. Ostensibly, these figures represent their annual gross incomes. In any event, the parties stipulated that the presumptive Guideline amount of child support would have been $1,298 on a biweekly basis. *Id.* The parties further stipulated that Father's original obligation ($1,615 bi-weekly) reflected an upward deviation for one singular reason: "That the Defendant [Husband] desires to pay more for the support of the children." *Id*, at ¶ 5. At the 2018 hearing before the Bucks County court, Father explained that his desire to pay more was based upon a recognition that he earned more income than Mother and that New York City is an expensive place to live. *See* N.T., 10/2/18, at 8-9.

But in the time since the original 2012 obligation, the parties are now on equal footing; Father's annual gross income is $139,616, and Mother's annual gross income is $141,701. And while we refrain from even speculating – much less considering – the difference in the costs of living between Bucks County, Pennsylvania and New York, New York, we recognize that Father no longer feels compelled to support his children above and beyond what the Guidelines mandate. In this case, Father has preserved his ability to make that choice. We conclude that the trial court did not abuse its discretion when it determined that a substantial change in circumstances warranted a modification of support.

Notwithstanding the change in circumstances, Mother argues that Father was barred from seeking modification based on the doctrine of *res judicata*. She explains that Father had been denied reductions in support both in New York and in New Jersey, and as a consequence, Mother argues Pennsylvania must follow suit.

The New York court temporarily reduced Father's obligation from $1,615 to $900 when Father temporarily lost his job. The New York court even set the matter for a plenary hearing. However, that hearing never occurred because Father either resumed gainful employment or the New York court determined that he could afford to pay the full amount regardless of his unemployment – the record is not particularly clear. Again, New Jersey was involved only insofar as it enforced New York's orders pursuant to UIFSA; and both state courts eventually decided they lacked jurisdiction. Thus, contrary

to Mother's assertion, neither the New York court nor the New Jersey court made a binding legal conclusion preventing Father from ever modifying child support.

To be clear, Mother does not seem to argue that the original support obligation – a provision incorporated into their divorce settlement – is forever non-modifiable by virtue of the fact that the divorce settlement was a contract. Rather, she appears to argue that Pennsylvania cannot modify the support obligation because the other states' courts previously chose not to. But the result of either of these arguments is the same and for the same reason: a child support obligation is always subject to a court's review upon a change in circumstance. *See* 23 Pa.C.S.A. § 3105(b) ("A provision of an agreement regarding child support…shall be subject to modification by the court upon a showing of changed circumstances."); *see also Kraisinger v. Kraisinger*, 928 A.2d 333, 345 (Pa. Super. 2007) ("Contracts between husband and wife, if fairly made are generally considered binding as to them, although legally ineffective to oust the jurisdiction of the court in a support action.") (citation omitted). We conclude that the trial court did not abuse its discretion when it modified Father's child support obligation.

Finally, we address those issues ancillary to our restatement of Mother's primary contentions. Mother alleges Father has operated in bad faith. However, she does not point to any instances of misconduct apart from Father's previous attempts to reduce his support obligation in New York and New Jersey. Although support litigation can be most acrimonious, Father's

attempts to seek proper relief does not constitute bad faith. Mother also alleges that Father never lost his job, which triggered his first attempt to reduce his support obligation, but she provides no evidence to support her allegation.

Although Mother did not move for the trial judge's recusal, she has alleged on appeal that the court made up its mind prior to the hearing and demonstrated bias. Partiality, prejudice, bias or ill will would constitute an abuse of discretion, and is thus within our purview. Nevertheless, we discern no transgression. Even if Mother moved for recusal, thereby formally preserving the matter, we would conclude that the court acted properly.

> We extend extreme deference to a trial court's decision not to recuse. We recognize that our trial judges are honorable, fair and competent, and although we employ an abuse of discretion standard, we do so recognizing that the judge himself is the best qualified to gauge his ability to preside impartially.

*In re A.D.*, 93 A.3d 888, 893 (Pa. Super. 2014) (citations omitted).

For the reasons above, we conclude that the trial court did not commit an error of law when it assumed jurisdiction of the parties' support case pursuant to UIFSA. We also conclude that the trial court did not abuse its discretion when it modified Father's child support obligation.

Order affirmed.

J-S52017-19

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/17/19