J-S71001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| D.F. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| B.F. | : | |
| | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | No. 2377 EDA 2019 |

Appeal from the Order Entered July 11, 2019
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s):  OC0601812

BEFORE:  BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 14, 2020**

B.F. ("Father") appeals *pro se* from the July 11, 2019 order granting D.F. ("Mother") sole legal and physical custody of their minor child, B.F.  We affirm.

B.F. was born during 2002, and was approximately seventeen years old when the trial court entered the pertinent custody order.  Mother and Father separated in 2004, and have subsequently shared legal custody and varying degrees of physical custody of B.F. and her older sister, who has since attained the age of majority.  During the period that is relevant to this proceeding, Mother resided in Philadelphia and Father resided near Denver, Colorado.

The trial court summarized the pertinent procedural history as follow:

> On March 13, 2018, this court awarded Father temporary primary physical custody of minor child B.F. following protracted hearings on August 9, 2017, and on February 20, 2018, and reserved a final decision for additional testimony following B.F.'s

move to Colorado due to this court's finding that B.F. expressed ambivalence about her preference regarding relocation. During both hearings the undersigned judge held *in camera* interviews with . . . B.F., who was nearly 16 years of age. . . . Although this court found that B.F. seemed to be ambivalent about relocating to Colorado, her desire to live with her older sister in Colorado outweighed her wish to remain in Philadelphia. The court permitted B.F. to move to Colorado effective August 1, 2018, and permitted Father to enroll B.F. in her junior year of high school in Colorado.

Trial Court Opinion, 9/19/19, at 5 (citations omitted).

B.F. began school in Colorado, but refused to return at the conclusion of her spring break in Philadelphia. Following an emergency hearing on April 25, 2019, which included B.F.'s *in camera* explanation of her refusal, the trial court entered a temporary order that stayed Father's primary physical custody in Colorado. The stay remained in effect until the final protracted custody trial approximately two and-one-half months later. On May 8, 2019, we quashed Father's ensuing appeal from the interlocutory emergency order. ***See B.L.F. v. D.J.F.***, 1091 EDA 2019 (Pa.Super. 2019) (*per curiam* order).

Thereafter, the trial court denied Father's petition to participate in the approaching custody trial by telephone, and Father neglected to appear for the trial. After considering additional evidence, and another *in camera* interview with B.F., the trial court entered a final custody order that awarded Mother sole legal custody and sole physical custody of B.F. and granted Father "reasonable telephonic/electronic communication with [B.F.] . . . as arranged,

- 2 -

initiated by[,] and agreed by [B.F.]."[1]  Trial Court Opinion, 7/11/19, at 1 (capitalization omitted).  This timely appeal followed.[2]

Instantly, Father's Rule 1925(b) statement asserted thirty-seven complaints.  At the outset, we address whether Father's issues are preserved for our review.  An appellant waives all matters for review where he identifies an excessive number of issues in the concise statement.  *See Jones v. Jones*, 878 A.2d 86 (Pa.Super. 2005) (holding that a seven-page, twenty-nine issue statement resulted in waiver).  Similarly, we may also find waiver where a concise statement is too vague.  *See In re A.B.*, 63 A.3d 345, 350 (Pa.Super. 2013) ("When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review.") (citation omitted).

While Rule 1925(b)(4)(iv) provides that the sheer number of issues is not sufficient grounds to find waiver "[w]here non-redundant, non-frivolous issues are set forth in an appropriately concise manner[,]" that concession does not negate the requirement that the Rule 1925 statement facilitate

---

[1]  On the same date, the trial court entered an order that discussed the statutory best-interest factors pursuant to 23 Pa.C.S. § 5328(a) and the ten relocation factors outlined in § 2337(h) because Father sought to exercise primary custody of B.F. at his residence in Colorado.  *See D.K. v. S.P.K.*, 102 A.3d 467 (Pa.Super. 2014).

[2]  As the thirtieth day of the appeal period, August 10, 2019, was a Saturday, the notice of appeal filed on Monday, August 12, 2019, is timely pursuant to 1 Pa.C.S. § 1908(2), which provides that the calculation of time periods omits weekends and holidays when the last day of the period is a weekend or holiday.

appellate review. *see also Kanter v. Epstein*, 866 A.2d 394, 401 (Pa.Super. 2004) (holding that "[b]y raising an outrageous number of issues" in a Rule 1925(b) statement, an appellant impedes the trial court's ability to prepare an opinion addressing the issues on appeal, thereby effectively precluding appellate review). As outlined *supra*, Father's litany of irrational complaints hinders our review.

The trial court characterized Father's Rule 1925 statement as "six pages of rambling, single spaced paragraphs that have nothing to do with the best interest of [B.F.] . . . [or] the final order of July 11, 2019." Trial Court Opinion, 4/16/18, at 2-3. As the court accurately observed, "The bulk of [Father's] statement . . . amounts to an attempt to smear the reputation of Philadelphia Family Court Judges and staff with suggestions of conspiracy against [him]." *Id*. at 3. The trial court determined that only four of Father's thirty-seven claims were preserved; specifically, two issues relating to the Pennsylvania court's exercise of continuing jurisdiction over the custody litigation as opposed to Colorado; and one issue each concerning Father's inability to participate in the trial by telephone and the court's alleged violation of Pa.R.A.P. 1701 because it proceeded to trial despite Father's appeal from the interlocutory emergency order. The trial court cogently addressed each of these claims in a thorough opinion that it entered on September 19, 2019.

Our review of Father's Rule 1925(b) statement confirms the trial court's description. Accordingly, we conclude that, pursuant to Pa.R.A.P.

1925(b)(4)(vii), Father waived all but the four issues that the trial court addressed.

Moreover, Father's brief is defective insofar as it fails to comply with several requirements outlined in Pa.R.A.P. 2111(a)(1)-(12), and neglects to present any lucid legal argument.[3] Pursuant to Pa.R.A.P. 2101, if an appellant's brief is so substantially defective so as to impede appellate review, "the appeal or other matter may be quashed or dismissed." Furthermore,

> [t]his Court is neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the Court in the conflicting roles of advocate and neutral arbiter. When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived.

*Commonwealth v. B.D.G.*, 959 A.2d 362, 371-72 (Pa.Super. 2008) (citations omitted).

Since Father is proceeding *pro se*, we construe his brief liberally. *See Branch Banking & Tr. v. Gesiorski*, 904 A.2d 939, 942 (Pa.Super. 2006). Nevertheless, Father's status as a *pro se* litigant does not entitle him to any special deference. Indeed, "[a]ny layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing." *Id*. It is

---

[3] Ironically, Father filed with this Court a motion to strike Mother's brief because Mother filed her brief seven days late and allegedly neglected to serve a copy on the brief upon Father. As the late brief did not impede our review, and because the record confirms that Mother filed a proof of service with this Court on November 27, 2019, the motion is denied.

beyond cavil that this Court will not act as appellate counsel. ***Smathers v. Smathers***, 670 A.2d 1159, 1160 (Pa.Super. 1996).

Instantly, Father neglected to include in his brief the order in question, statement of questions involved, summary of argument, a separate and distinct argument, or a certification that his brief satisfied the length restrictions. ***See*** Rule 2111(a)(2), (4), (6), (8), and (12). More importantly, Father did not present a comprehensible legal argument. Instead, consistent with his marginally coherent Rule 1925(b) statement, Father alleges a bizarre, if not imaginative, conspiracy among Philadelphia jurists to engage in, *inter alia*, a multi-faceted "human trafficking enterprise," fraud, bribery, blackmail, and corruption.[4] Father's brief at 16-17. As these vitriolic insults clearly do not align with three of the four issues that were preserved in Father's Rule 1925(b) statement, they are waived. ***See*** Pa.R.A.P. 1925(b)(4)(vii) (issues not included in concise statements are waived).

Finally, to the extent that one of Father's assertions of a "Fraud upon the Court" can be interpreted as implicating the trial court's decision to

---

[4] The basis of the alleged grand judicial conspiracy stems from the fact that the administrative judge that assigned the case to the trial court was a "longtime close family friend" of Mother. Father's brief at 6. As articulated by Father, the administrative judge "influenced and/or bribed [the trial court] and other officers of the court to decide this case in a manner which clearly favored [Mother]." Father's brief at 6. As it relates to the references to human trafficking, Father equates the trial court's emergency order entered on April 25, 2019, with a criminal offense. That absurd assertion warrants no further discussion.

schedule the final custody hearing despite Father's then-pending appeal from the temporary custody, that claim fails on its merits. *See* Father's brief at 16. ("[On] August 9, 2017[, the trial court] act[ed] in the complete absence of all jurisdiction due to the pending appeal which was active at the time of [its] decision[, and] . . . which prohibited [its] actions on this date.").

Stated plainly, Pennsylvania Rule of Appellate Procedure 1701(b) clearly permits a trial court to proceed on a matter notwithstanding the filing of an appeal from a non-appealable interlocutory order. *See* Pa.R.A.P. 1701(b)(6) (the trial court may "[p]roceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order"). Moreover, the record reveals that this Court quashed Father's appeal from the interlocutory emergency order on May 8, 2019, approximately two months before the court convened the July 2019 custody trial. No relief is due.

Thus, because the numerous substantial defects in Father's noncompliant brief preclude meaningful review and the sole issue that is arguably preserved for our consideration is baseless, we find Father failed to provide this Court any basis to disturb the final custody order granting Mother sole legal custody and sole physical custody of B.F.

Order affirmed. Application to strike Mother's brief denied.

Judge McLaughlin did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/20