J-A22026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANDREW KUNDRATIC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SOPHIA KUNDRATIC A/K/A SOPHIA | : | No. 1927 MDA 2019 |
| THOMAS | : | |

Appeal from the Order Entered November 1, 2019
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
4975-2006

BEFORE:  SHOGAN, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.:                **FILED JANUARY 22, 2021**

Appellant, Andrew Kundratic, appeals *pro se* from the November 1, 2019 order dismissing five petitions relating to the divorce proceedings between Appellant and Appellee, Sophia Kundratic.  The order also barred Appellant from filing any further petitions for relief on matters that were finally adjudicated before the Court of Common Pleas of Luzerne County.  After careful review, we affirm.

This is an appeal from the trial court's order dismissing several petitions relating to divorce proceedings initiated in 2006.  Although a divorce decree was entered on September 22, 2011, Appellant has generated numerous filings in state and federal courts since that time that have resulted in extremely contentious proceedings.  ***See, e.g., Kundratic v. Thomas***, ___ A.3d ___, 115 M.D. 2018 (Pa. Cmwlth. filed August 1, 2019) (unpublished

memorandum at *1, n. 2) (noting the contentiousness of the parties' divorce proceeding and citing ten different lawsuits relating to the divorce filed in various state and federal courts).

The trial court set forth the following history:

[Appellant] has once again requested this [c]ourt to review and redo the divorce he filed in 2006.  It was a long and extremely contentious divorce wherein [Appellant] used numerous attorneys, many judges have been involved, and he filed many state court appeals as well as complaints in the federal courts.

Currently before the [c]ourt is a *pro se* Petition that mirrors a previous petition that was before the Honorable Senior Judge Harold F. Woelful, Jr., who, after a thorough examination of [Appellant's] complaints, issued an Order on March 28, 2017.  The Order addressed the issues, claims, and arguments of [Appellant] arising from the divorce proceeding and ancillary matters.  No appeal was taken from that Order[,] and it is therefore a final Order, binding upon the parties, as well as this jurist currently assigned.

Order, 11/1/19, at 1.

In its November 1, 2019 Order, the trial court ordered as follows:

1. [Appellant's] Petition for Rental Owed and Asset Re-Valuation is **DENIED AND DISMISSED** with prejudice;

2. [Appellant's] Petition for Contempt is **DENIED AND DISMISSED** with prejudice; and

3. [Appellant's] Petition for Void Judgments is **DENIED AND DISMISSED** with prejudice; and

4. [Appellant's] Petition for Emergency/Special Injunctions and Requests to Truncate Response Time is **DENIED AND DISMISSED** with prejudice.

5. [Appellant's] Petition to transfer venue is **DENIED AND DISMISSED** with prejudice.

- 2 -

Order, 11/1/19, at unnumbered 2-3 (emphasis in original).

In the November order, the trial court also noted that Appellant raised several claims in different forums prior to the March 28, 2017 order, relating to the equitable distribution of marital property. Order, 11/1/19, at 2. The court further held that the March order "resolved all claims that were made or were able to be made with the intention of finally concluding the proceeding." *Id*. Finally, the November 1, 2019 order barred Appellant from filing any further petitions for relief based on matters that were the subject of final orders from that or another court. *Id*.

Appellant filed a *pro se* notice of appeal on November 26, 2019. On December 4, 2019, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement within thirty days of the order. Order, 12/4/19. Appellant filed Plaintiff's Statement of the Matters Complained of on Appeal on December 20, 2019. Appellant's statement is thirteen pages long and includes fifteen points of error, many containing additional sub-points of error. Plaintiff's Statement of the Matters Complained of on Appeal, 12/20/19.

Appellant presents the following questions for our review, *verbatim*:

I. Whether the lower court erred in stating the March 28, 2017 ORDER being a final divorce order?

II. Whether any ORDER can be attacked at anytime for fraud?

III. Whether recused judges signing ORDERS and being out of jurisdiction?

IV. Whether judge Woelfel's scheme to artificially finalize the divorce through the means of fraud upon the courts, abuse of

- 3 -

discretion, obstructing justice and filing ORDER to wrong docket.

V. Whether the lower court erred in the April 14, 2016 ORDER by changing the terms of the original marital property agreement which allowed the felonious crime of opposing party to illegally transferring the marital properties.

VI. Whether the courts erred in the March 28, 2017 ORDER by using stale dollar values from the Nov 10, 2009 divorce Master's ORDER and not present day values?

VII. Whether the ex-wife illegally embezzled the husband's awarded 401k and retirement accounts?

VIII. Whether the Nov 10, 2009 divorce Master's ORDER being a VOID Judgment from acts of theft, misrepresentation, attorney misconduct, appraisal fraud, spoliation of evidence, obstructing just and fraud upon the courts?

IX. Whether the divorce Master misapplication of law and abuse of discretion warrants ORDERS as VOID judgments?

X. Whether ex-wife rewarding of APL through the many acts by her own party's fraud upon the courts, misrepresentation, attorney misconduct, spoliation of evidence and obstructed justice among many others should be returned to husband?

XI. Whether this courts administrative duties is to report felonies to the proper authorities and agencies when brought to their attention?

XII. Whether the courts need to apply sanctions against the state actors for their wantonly and willful acts?

Appellant's Brief at 4-6.

Preliminarily, we note that Appellant's 1925(b) Statement is not a concise statement of matters complained of on appeal as required by Pa.R.A.P. 1925(b)(4)(ii) and (iv), which mandates that the statement shall concisely identify each error that an appellant intends to raise and requires that the

statement not be redundant or provide lengthy explanations or alleged error, respectively. Pa.R.A.P. 1925(b)(4)(ii), (iv). Given the length and rambling nature of Appellant's 1925(b) statement, we find waiver on those grounds. *See Satiro v. Manino*, 237 A.3d 1145, 1151 (Pa. Super. 2020) (finding waiver despite the appellant's *pro se* status "when issues on appeal are so voluminous and vague that the court must guess at what they are, there can be no meaningful appellate review and the issues are waived."). *See also Kanter v. Epstein*, 866 A.2d 394, 401 (Pa. 2004) (finding waiver where appellants raised "an outrageous number of issues," and the trial court was unable to determine which issues the appellant intended to raise on appeal); *Jones v. Jones*, 878 A.2d 86, 89-90 (Pa. Super. 2005) (finding waiver where the appellant raised twenty-nine issues in her seven-page Rule 1925(b) statement).

Even if we did not find waiver on those grounds, Appellant would be due no relief. Following a review of Appellant's excessive Rule 1925(b) statement, we have determined that questions II, V, VI, VIII, IX, X, and XII are raised for the first time in Appellant's brief and are not included in his Rule 1925(b) statement. It is well established in this Commonwealth that issues not raised in a Rule 1925(b) statement will be deemed waived for purposes of appellate review. *Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 804 (Pa. Super. 2007). Thus, if this Court had not found waiver based upon Appellant's 1925(b) statement, we would address only issues I, III, IV, VII, and XI. Those issues, however, succumb to other bases of waiver, as noted below.

We note that Appellant has failed to provide citation to relevant case law in support of several of his arguments. Appellant's first issue is a conclusion of law which he fails to develop with well-reasoned legal argument. In his third issue, Appellant fails to demonstrate that he raised a timely objection in the trial court to recused judges signing previous orders. Furthermore, we note that Appellant has failed to provide citation to relevant case law in support of the remaining issues. In his discussion of his fourth issue, relating to alleged fraud committed by Appellee and the court, Appellant cites no relevant case law and instead relies on unpersuasive federal case law. Appellant's Brief at 29. Appellant's argument in support of issue seven is entirely devoid of citation to case law, relevant or otherwise. Appellant's Brief at 32-34. In issue eleven, Appellant fails to cite anything other than two sections of the United States Code, neither of which is persuasive in the instant matter. As this Court noted in an earlier iteration of the appeal before us, "Husband's allegations are difficult to decipher, his citations to federal authority are not persuasive, and he has failed generally to present a reasoned legal argument. We will not scour the record to find support for Husband's allegations, nor will we develop his argument for him." *Kundratic v. Kundratic*, 135 A.3d 660, 501 MDA 2015, at *4 (Pa. Super. filed December 15, 2015).

For all the forgoing reasons, we conclude Appellant's issues are waived. Accordingly, we affirm the November 1, 2019 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>01/22/2021</u>