J-A15008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROY C. MONSOUR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| S&T BANK | : | No. 1432 WDA 2021 |

Appeal from the Order Entered November 12, 2021
In the Court of Common Pleas of Westmoreland County Civil Division at
No(s):  408 of 2021

BEFORE:  BOWES, J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED: JUNE 8, 2022**

Roy C. Monsour appeals, *pro se*, the November 12, 2021 order granting summary judgment in favor of S&T Bank ("the Bank").  We affirm.

On February 9, 2021, the Bank filed a complaint in mortgage foreclosure alleging, *inter alia*, that Appellant defaulted on a promissory note ("note") and mortgage on a commercial property in favor of the Bank in the specified amount of $495,000.  Specifically, the Bank alleged that Appellant failed to pay the monthly installments of principal and interests on the note.  The Bank attached the note and mortgage to the complaint as Exhibit A and Exhibit B, respectively, and asserted that it provided Appellant the required notices pursuant to the Mortgage Assistance Act of 1983.  Furthermore, the Bank outlined the outstanding principal, interest, and late charges, and requested judgment in the amount of $442,659.31.

Appellant did not file an answer to the complaint. Instead, he filed a counterclaim and motion to dismiss, which neither admitted nor denied the mortgage default, the amount owing, or any other pertinent fact. Rather than answer the factual averments in the complaint, Appellant asserted his own counterclaim for monetary damages based upon a purported breach of a trust that was not relevant to the mortgage foreclosure action. The Bank's reply to the counterclaim denied all of the pertinent allegations.

Thereafter, the Bank filed a motion for summary judgment, which asserted that Appellant's response, "completely failed[ed] to admit or deny the . . . relevant material facts set forth in [the c]omplaint as is required pursuant to the Pennsylvania Rules of Civil Procedure [1029(a) and (b)]." Motion for Summary Judgment, 4/14/21, at 1-2. The trial court summarized the subsequent procedural history as follows:

> Oral argument on the summary judgment motion was set for July 22, 2021. [Appellant] did not timely respond to the summary judgment motion. Both parties filed various motions to be heard prior to the argument. [Appellant] filed a motion to compel discovery along with two pleadings entitled "Second Counterclaim and Motion to Dismiss with prejudice" and "Motion for Excusable Negligence." [The Bank] filed a motion to quash a subpoena for attendance at the oral argument, along with a motion to strike [Appellant's] second counterclaim . . . and to dismiss his counterclaims with prejudice.
>
> Prior to the argument on summary judgment, the [c]ourt ruled on the parties' various motions. [The court granted the Bank's motion to strike and request to quash the subpoena, and dismissed Appellant's counterclaims.] Regarding [Appellant's] request for "excusable negligence[,]" the [c]ourt considered [Appellant's] *pro se* status and provided [Appellant] . . . additional time to respond to the summary judgment motion[.] All other

portions of the motion, as well as [Appellant's] motion to compel were denied by order dated July 22, 2021. Upon the receipt and consideration of all relevant filings, [the trial c]ourt entered summary judgment for [the Bank] on November 12, 2021. .

Trial Court Opinion, 1/7/22, 1-2.

As to the basis for granting summary judgment, the court first noted that, "In an action for mortgage foreclosure, the entry of summary judgment is proper if the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount." *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa.Super. 1998).

Thereafter, the court reasoned that Appellant did not contest that: (1) the loan is in default; (2) he has not continued to pay interest on the obligation; and (3) that the recorded mortgage was in a specific amount. *Id*. at 3-4. Moreover, the court found that Appellant failed to raise a defense to the complaint or provide anything that would raise a genuine issue of material fact precluding summary judgment. *Id*. at 4. Hence, it concluded, the Bank "has met the standard for summary judgment in a mortgage foreclosure action." *Id*. This timely appeal followed.

Appellant complied with the trial court's directive to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). However, Appellant's eight-page Rule 1925(b) statement asserted eleven complaints, many of which included enumerated sub-issues, relating to, *inter alia*, the purported breach of trust, "Appellant's Status and Standing as

Beneficiary and Private American/Pennsylvanian in *esse* [sic] and *sui juris*[,]" bias, prejudice, and "material irregularity", and the "mandatory requirements of Generally Accepted Accounting Principles (GAAP) per Title 12 of the United States Code, § 1831n(a), Financial Standards Board Publications, Security and Exchange Commission (SEC) Regulations, IRS, the Federal Reserve Bank Regulations and the Uniform Commercial Code (UCC)." Rule 1925(b) Statement at 1-8.

At the outset, we address whether these various claims are preserved for our review.[1] An appellant waives all matters for review where he identifies an excessive number of issues in the concise statement. *See Jones v. Jones*, 878 A.2d 86 (Pa.Super. 2005) (holding that a seven-page, twenty-nine issue statement resulted in waiver). Similarly, we may also find waiver where a concise statement is too vague. *See In re A.B.*, 63 A.3d 345, 350 (Pa.Super. 2013) ("When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." (citation omitted)). While Rule 1925(b)(4)(iv) provides that the sheer number of issues is not sufficient grounds to find waiver "[w]here non-redundant, non-frivolous issues are set

---

[1] Appellant reiterates several of these allegations among the twenty-nine issues that he lists in his brief as the statement of the questions involved. *See* Appellant's brief at 6-9. In this vein, Appellant's brief is defective insofar as it fails to present any lucid legal argument. Instead, consistent with his Rule 1925(b) statement, Appellant alleges various arguments that are irrelevant to the propriety of the court's entry of summary judgment in the mortgage foreclosure action.

- 4 -

forth in an appropriately concise manner[,]" that concession does not negate the requirement that the Rule 1925 statement facilitate appellate review. *See Kanter v. Epstein*, 866 A.2d 394, 401 (Pa.Super. 2004) (holding that "[b]y raising an outrageous number of issues" in a Rule 1925(b) statement, an appellant impedes the trial court's ability to prepare an opinion addressing the issues on appeal, thereby effectively precluding appellate review). As outlined *supra*, Appellant's litany of irrelevant complaints hinders our review.

Instantly, the trial court stated that the Rule 1925 Statement "was neither concise nor coherent." Trial Court Opinion, 1/7/22, at 4. Critically, the court observed that Appellant made "no attempt to even address the straightforward standard for summary judgment in a mortgage foreclosure action or t[he trial c]ourt's application thereof." *Id*. at 4-5. The court continued, "Instead, [Appellant's] Statement of Errors once again recites out-of-context and irrelevant law and repeats the illogical claim that somehow [the Bank] owes him . . . money." *Id*. at 5.

Our review of Appellant's Rule 1925(b) statement confirms the trial court's description. Appellant's status as a *pro se* litigant does not entitle him to any special deference. Indeed, "[a]ny layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing." *See Branch Banking & Tr. v. Gesiorski*, 904 A.2d 939, 942 (Pa.Super.

2006). It is beyond cavil that this Court will not act as appellate counsel. ***Smathers v. Smathers***, 670 A.2d 1159, 1165 (Pa.Super. 1996).

Nowhere in the rambling, disjointed Rule 1925(b) statement does Appellant assert any allegations of error regarding the salient issues, namely the court's application of ***Cunningham v. Williams***, ***supra***, and its decision to enter summary judgment on the basis of that analysis. Accordingly, we conclude that, pursuant to Pa.R.A.P. 1925(b)(4)(vii), Appellant waived review of this appellate claims.

As Appellant's noncompliant Rule 1925(b) statement failed to preserve any basis for this Court to disturb the order granting summary judgment in the foreclosure action, we affirm it.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2022