J-S04045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| HEATHER LEA BRINE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL NATHAN SCHWARTZ | : | |
| | : | |
| Appellant | : | No. 1806 EDA 2024 |

Appeal from the Order Entered June 5, 2024
In the Court of Common Pleas of Bucks County Domestic Relations at
No(s): 297302174

BEFORE: OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED MARCH 5, 2025**

Daniel Nathan Schwartz ("Father") appeals, *pro se*, from the order entered in the Court of Common Pleas of Bucks County,[1] ordering him to pay $1,739.00 per month for child support to Heather Lea Brine ("Mother"). After review, we affirm.

The trial court set forth the facts of this case as follows:

Mother and Father are the natural parents of D.E.S. ([] "Child"), who was born on May 19, 2023. Ever since, the parties have been involved in extensive custody and support litigation, which[, this

---

* Retired Senior Judge assigned to the Superior Court.

[1] The trial court docket reflects that the order from which Father appeals was mailed to the parties on June 5, 2024, in accordance with Pennsylvania Rule of Civil Procedure 236(b). We have amended the caption accordingly. *See* Pa.R.A.P. 108(b) ("[T]he date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the date on which the clerk makes the notation in the docket that written notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b).").

*Retired Senior Judge assigned to the Superior Court

court] submit[s,] is due to Father's high volume of frivolous and contentious filings. In just one year, the parties have appeared in custody court four times.

By way of background, the parties began their romantic relationship in January of 2021. That ended two months before Child was born, in March of 2023.

On June 2, 2023, Mother filed her complaint for child support. On July 19, 2023, the parties appeared before a conference officer of the Domestic Relations Section in Bucks County. At that conference, Mother's complaint was dismissed without prejudice due to an agreement amongst the parties.

On August 11, 2023, Mother filed her second complaint for child support. On September 15, 2023, the parties appeared before a conference officer of the Domestic Relations Section in Bucks County. As a result of that conference, Father was ordered to pay the sum of $917.00 per month, payable to Mother to support Child.

On March 19, 2024, Mother filed another complaint for support. Also on that day, Father filed his petition to modify child support, where, in relevant part, he sought to modify the order because he thought he obtained primary custody of Child. Despite that Father advertises himself as a family law [attorney], Father does not understand the term "shared custody" and continues to mischaracterize the custody arrangement. In reality, Mother was[,] and continues to be[,] the primary custodian of Child, while Father has periods of partial physical custody.

On May 7, 2024, the parties appeared before a conference officer of the Domestic Relations Section in Bucks County for a conference on the March 19, 2024 filings. The conference officer recommended that a final modification order be entered whereby Father would pay Mother $853.00 per month for the support of Child, effective June 1, 2024. That recommendation considered a change in custody pursuant to the custody order dated April 16, 2024. Moreover, the recommendation provided that Mother would be responsible for the initial $250.00 of annual unreimbursed medical expenses for Child. Thereafter, the parties would share any remaining medical expenses, 65% by Father and 35% by Mother. Mother was assessed an earning capacity of $51,188.00 annually. The conference officer based Father's monthly net income on his alleged net business income of $26,750.00 gross

annual and add-backs of $60,963.00 net annual. At the close of that conference, both parties filed an appeal to this court.

On June 3, 2024, after [this court] held a hearing on the matter, we ordered Father to pay $1,739.00 per month to support Child. That amount reflects Father's assessed net monthly income of $6,818.22, Mother's assessed net monthly earning capacity of $3,644.12, and weekly childcare expenses paid by Mother in the amount of $325.00. Unreimbursed medical expenses that exceed $250.00 for Child were to be paid 65% by Father and 35% by Mother, with Mother to pay the first $250.00 annually.

At the hearing, Father continued to incorrectly assert that he has equal physical custody of Child, despite that paragraphs four and five of the current custody order specifically provide that Father has partial physical custody of Child. Father argued that he and Mother should be held to an equal earning capacity of $65,000.00 annually. [This court] still cannot understand why Father, with 30 years of legal experience, and considering his lifestyle, asserts that he should be held to that capacity.

Trial Court Opinion, 8/6/24, at 1-4 (internal citations and unnecessary capitalization omitted).

Father filed this appeal on June 21, 2024. On July 2, 2024, the court entered an order for Father to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925, within twenty-one days of the entry of that order. Although Father filed a document on July 22, 2024, styled as a concise statement, that filing contains forty-six numbered paragraphs across seven pages, raising issues in narrative form.

We have previously clarified the specificity requirements imposed by Rule 1925 on appellants:

An appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. *See* Pa.R.A.P. 1925(b)(4)(ii) (requiring [] Rule 1925(b) statement to "concisely identify each ruling or error that the appellant intends to challenge

- 3 -

with sufficient detail to identify all pertinent issues for the judge"). This Court explained in **Riley v. Foley**, [783 A.2d 807, 813 (Pa. Super. 2001)], that [Rule] 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal. We further determined that "a [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no [c]oncise [s]tatement at all." **Commonwealth v. Dowling**, [778 A.2d 683, 686-87 (Pa. Super. 2001)]. "**Even if the trial court correctly guesses the issues [the a]ppellant raises on appeal and writes an opinion pursuant to that supposition[,] the issues are still waived**." **Kanter v. Epstein**, [866 A.2d 394, 400 (Pa. Super. 2004)] (citation omitted).

**Satiro v. Maninno**, 237 A.3d 1145, 1150 (Pa. Super. 2020) (original brackets omitted; emphasis added). Further, when an appellant's concise statement identifies too many issues for appeal, this Court has found waiver of all issues:

Our law makes it clear that Pa.R.A.P. 1925(b) is not satisfied by simply filing any statement. Rather, the statement must be "concise" and coherent as to permit the trial court to understand the specific issues being raised on appeal.

Specifically, this Court has held that when appellants raise an "outrageous" number of issues in their [Rule] 1925(b) statement, the appellants have "deliberately circumvented the meaning and purpose of Rule 1925(b) and have thereby effectively precluded appellate review of the issues they now seek to raise." We have further noted that such "voluminous" statements do not identify the issues that appellants actually intend to raise on appeal because the briefing limitations contained in Pa.R.A.P. 2116(a) makes the raising of so many issues impossible. Further, this type of extravagant [Rule] 1925(b) statement makes it all but impossible for the trial court to provide a comprehensive analysis of the issues.

**Id.** at 1150-51 (citations, original brackets, and some quotation marks omitted); **see also Jones v. Jones**, 878 A.2d 86, 90-91 (Pa. Super. 2005) (appellant's twenty-nine issues written in narrative form made it impossible

- 4 -

to discern from Rule 1925(b) statement which claims actually identified issues and which provided unnecessary background information resulting in waiver).

Here, Father's court-ordered Rule 1925(b) concise statement spans seven pages and contains forty-six numbered paragraphs in narrative form. The forty-six issues Father identifies are too voluminous to distinguish between what is background information and what is the substance of his argument on appeal. *See Satiro*, *supra*. Accordingly, we dismiss[2] Father's appeal.[3] *Id.*; *see also Jones*, *supra*.

Further, we observe that Father has failed to cite any authority in support of his claims on appeal, as required by Pennsylvania Rule of Appellate Procedure 2119(a). *See* Pa.R.A.P. 2119(a); *In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012) (this Court will not act as counsel and develop arguments on appellant's behalf). Accordingly, we find Father's issues waived for that reason as well. *See Garr v. Peters*, 773 A.2d 183, 188 (Pa. Super. 2001)

_____

[2] Prior to filing her appellate brief, Mother filed a motion in this Court to dismiss this case based on Father's failure to adhere to Rule 1925. A motions judge denied Mother's motion to dismiss this case prior to this merits panel's review. Despite this Court's prior denial of Mother's motion to dismiss, this merits panel may revisit the issue. *See* Pa.R.A.P. 123(e) ("The action of a single judge may be reviewed by the [C]ourt[.]").

[3] We observe that the instant case is a simple dispute between two parties over child support payments and not a complicated case that may require numerous issues to be raised. *See Eiser v. Brown & Williamson Tobacco Corp.*, 938 A.2d 417, 427 (Pa. 2007) (appellants preserved their claims, despite raising twenty-four issues with sub-issues, because they "brought forth a complicated multi-count lawsuit with numerous defendants resulting in many trial court rulings[]").

("Because Mother failed to include any citation to authority in support of her argument, we conclude that it is waived."); ***see also In re Ullman***, 995 A.2d 1207, 1211-12 (Pa. Super. 2010) ("This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure.") (citation omitted); ***see also*** Pa.R.A.P. 2101.

Moreover, after our review, we agree with the trial court that Father's claims on appeal are vexatious, frivolous, and show a lack of good faith.[4] ***See*** Trial Court Opinion, 8/6/24, at 1 ("[T]he parties have been involved in extensive custody and support litigation, which . . . is due to Father's high volume of frivolous and contentious filings.").

Due to our finding of frivolity, pursuant to Pa.R.A.P. 2744, we remand this matter to the trial court to determine reasonable counsel fees to be awarded to Mother and paid by Father. ***See Jones***, ***supra*** at 91 (awarding attorney's fees following determination that appeal was frivolous); ***see also Feingold v. Hendrzak***, 15 A.3d 937, 943 (Pa. Super. 2011) (explaining this Court *sua sponte* may "impose an award of reasonable counsel fees").

Order affirmed. This case is remanded to the trial court for the determination of counsel fees. Jurisdiction relinquished.

_____

[4] We specifically note our strong disapproval of Father's inclusion of unsupported innuendo and accusation, *ad hominem* attacks, and vitriolic hyperbole when discussing the trial court judge, Mother, and other third-parties. ***See*** Appellant's Brief, at 8, 9, 15, 16, 18, 19, 22, 23, 24, 25, and 27.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/5/2025